# THE GRAND FAMILY LAUNDRY

## *vs.*

# THE MAYOR & CITY COUNCIL OF BALTIMORE, THE JUDGES OF THE APPEAL TAX COURT AND THE STATE TAX COMMISSION OF MARYLAND.

*Tax exemptions: Baltimore City.   Laundries.*

Until the Mayor and City Council of Baltimore enact an ordinance pursuant to the authority contained in Chapter 561 of the Acts of 1916, laundries in that city can not claim exemption from taxation as manufacturing plants under the provisions of that statute.                                          p. 102

*Decided March 5th, 1919.*

Appeal from the Baltimore City Court.   (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Isaac Lobe Straus,* for the appellant.

*R. Contee Rose, Assistant City Solicitor,* (with whom was
*S. S. Field, City Solicitor,* on the brief), for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

The appellant brought this appeal from the action of the
Baltimore City Court which affirmed the action of the State
Tax Commission of Maryland, which, upon appeal to it,
affirmed the assessment of the Appeal Tax Court of Balti-
more City upon its refusal to abate taxes from the appellant's
machinery, which, as its name implies, is engaged solely in
the laundry business. The appellant is one of twelve laun-
dries of Baltimore which are attempting to be relieved from
the payment of taxes upon their apparatus by Chapter 561
of the Acts of 1916.

The Legislature by Chapter 32 of the Acts of 1912, now
codified under sub-paragraph (C), sub-title "Abatement to
encourage manufacture" of paragraph 28, title "Taxes," of
the new Charter of Baltimore City,—Revised Edition, 1915,
whereby it gave power and authority to the Mayor and City
Council of Baltimore

"to provide by general ordinance, whenever it shall
seem expedient for the encouragement of the growth
and development of manufactories and manufacturing
industry in the said city, for the abatement of any or
all taxes levied by the authority of the said Mayor and
Council of the City of Baltimore or by ordinance
thereof, for any of the corporate uses thereof, upon
any or all personal property, of every description
owned by any individual, firm or corporation in said
city and property subject to valuation and taxation
therein, including mechanical tools or implements,
whether worked by hand or steam or other motive
power, machinery, manufacturing apparatus or en-
gines, raw materials on hand, stock in trade, bills re-
ceivable, and business credits of every kind, while
said personal property shall be actually employed or

> used in the business of manufacturing in said city;
> provided that such abatement shall be extended to
> all parties, firms and corporations engaged in the
> branches of manufacturing industry proposed to be
> benefited by any ordinance passed under the provi-
> sions of this paragraph of this section, etc."

The Mayor and City Council pursuant to this power and
authority expressly given to them by the above Act enacted
on July 6, 1912, Ordinance No. 140, which is practically the
same language of sub-paragraph (C) of Chapter 32 of the
Act of 1912.

In 1914, by Chapter 324 of the Acts of that year, now
codified as section 88 (C) of Article 23 of Bagby's Code, the
Legislature enacted a new scheme of taxing laws relating to
"ordinary business corporations" which authorized the State
Tax Commission of Maryland, when dealing with this type
of corporation, to tax

> "all personal property of such corporations exclusive
> of bonds, shares of stock, and securities as enumerated
> in Article 81, Section 214 of the Code of Public Gen-
> eral Laws (1912), and property which, by law, is ex-
> empt from taxation, and exclusive of manufacturing
> plants situated in any city or county in which, by law
> or ordinance, manufacturing plants are exempt from
> county or municipal taxation."

By Chapter 561 of the Acts of 1916 the Legislature re-
pealed the Act of 1912 and re-enacted the same in the ident-
ical language of that Act with the addition, however, that
in the last paragraph thereof they enacted as follows:

> "and provided further, that laundry machinery when
> employed or used in the business of laundering shall
> be classed as manufacturing within the purposes of
> this sub-paragraph."

We have already said that the Act of 1916 is in the ident-
ical language as the Act of 1912, so, of course, we find that
the Act starts with the language under the head of Abate-

ment to encourage manufacture "to provide by general Ordinance, whenever it shall seem expedient for the encouragement of the growth and development of manufacturies and manufacturing industry in the said city."

The Mayor and City Council have never availed themselves of the power and authority granted under this Act as they did under the Act of 1912, by the enactment of an ordinance, and thus the Ordinance No. 140, approved on July 6, 1912, is the last expression of the Mayor and City Council upon the subject. We, therefore, are forced to the opinion that until the city does enact an ordinance pursuant to the authority of the Act of 1916 this appellant, and others like situated, can claim no right to this exemption.

We are of the opinion that the lower Court was correct, and we will therefore affirm the order.

*Order affirmed, with costs.*