## STATE OF MARYLAND *v.* C. ARNOLD FLEMING
[No. 35, October Term, 1937.]

*Decided November 11th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*George N. Fringer, State's Attorney for Carroll County,* with whom was *Herbert R. O'Conor, Attorney General,* and *Hilary W. Gans, Deputy Attorney General,* on the brief, for the State.

JOHNSON, J., delivered the opinion of the Court.

In an indictment returned by the grand jurors for Carroll County on May 17th, 1928, C. Arnold Fleming was charged with the crime of bastardy. Five days later he pleaded not guilty and elected to be tried before the court, sitting as a jury, by whose verdict he was found guilty, and under an applicable provision of section 5 of article 12 of the Code (as amended by Laws of 1927, ch. 458) the court gave judgment and sentence that the traverser give bond to the State in the sum of $300, with sureties, conditioned to pay to the mother of the bastard child, for her support and maintenance until she should reach the age of fourteen years, or during the life of the child should she die before reaching that age, the sum of ten dollars per month, accounting from the date of conviction, and further to pay a certain sum as expenses of the mother incident to confinement, likewise to pay the reasonable funeral expenses of the infant should she die before attaining the age of fourteen years, and in default of such bond the traverser was committed to the house of correction until it was given, not exceeding two years. Subsequently he was recognized with two other persons as sureties, who shortly thereafter filed a petition to be relieved of the obligation upon the ground

that they had no intention of becoming sureties for the undertaking in question, and their bond was, after hearing on September 12th, 1928, found by the court to be null and void because of fraud, and accordingly vacated. The traverser was thereupon resentenced by the court in form and manner identical with the original sentence, and on the same date executed a bond as contemplated by the sentence with George A. Fleming and George W. Gosnell as sureties. These sureties, by reason of financial reverses, have at the suits of creditors been divested of their property and are no longer adequate security for the undertaking which they entered into, and the female bastard child is still living, but Fleming, her father, is in default in payments to the mother. These facts were made the basis of a petition filed by the State on behalf of the mother, asking that the court pass an order vacating the recognizance of Fleming and Gosnell, and require Fleming to give new sureties to comply with the original order of the court. After hearing, the court passed an order declining to require a new recognizance to be given, assigning as a reason a lack of jurisdiction, and this action presents the only exception contained in the record.

It thus appears that no dispute arises as to the facts, but a question of law is presented as to whether, under these facts, the court may, under section 5 of article 12 of the Code (as amended by Laws 1927, ch. 458) require appellee to give a second bond with adequate sureties, and the answer must depend upon a construction of the statute. The present section, as well as those which it amended, has never been construed by this court. A consideration of the decision in *Oldham v. State,* 5 Gill 90, shows that our predecessors definitely declined to express any opinion as to the authority for ordering another recognizance to be entered into, that decision resting solely upon the ground that the proceeding being a criminal one, the father could not relieve himself from supporting his bastard offspring by applying for the benefit of the insolvent laws. And the decisions of this court, cited

by the State in support of its contention, cannot be regarded as authority for its position, since in none of them has the matter ever been considered. The part of the statute under which appellee was sentenced (Code, art. 12, sec. 5 [as amended by Laws 1927, ch. 458]) provides: "If the case be tried before the Court, the Court shall immediately order such person to give bond to the State of Maryland in a penalty not exceeding $500, with good and sufficient securities, conditioned to pay for the maintenance and support of said child, to the mother, or to the person having said child in custody, or to the county or to the City of Baltimore, as the case may be, if said child be a public charge, until said child reaches the age of fourteen years, or during the life of such child if said child shall die before reaching the age of fourteen years, such sum, accounting, in the discretion of the Court, from the date of birth of the child, not exceeding fifteen dollars per month, as the Court shall by order direct, due regard being had to the circumstances of such accused person, and further to pay the whole or such part of the expenses incurred by the said mother during her confinement as the Court may direct, and to pay the reasonable funeral expenses of said child if he or she shall die under the age of fourteen years, and in default of such bond he shall be committed to jail or the House of Correction until said bond be given, but not exceeding two years."

From a consideration of that provision, it is manifest that the Legislature contemplated only that the traverser should give one bond to the State in an amount not exceeding $500. It may well be that, in order to provide against the time when the sureties might become insolvent and render the bond worthless, the Legislature could have well provided that the bond in question should always be an adequate bond, but in our judgment it has not so provided, either expressly or by implication. The statute is, by its terms, penal and, this being true, it must be construed strictly. 59 C. J. page 1113, sec. 660 (2) ; 25 R. C. L. "Statutes," secs. 13, 284, and 301.

As said by this court in *Healy v. State,* 115 Md. 377, at page 379, 80 A. 1074, 1075, quoting from *State v. Archer,* 73 Md. 44, 20 A. 172:

" 'All agree that the intention of the Legislature must govern in the construction of all statutes. This rule lies at the bottom of all statutory construction. The law, it is true, in its tenderness for life and liberty, requires that penal statutes shall be strictly construed, by which is meant that courts will not extend the punishment to cases not plainly within the language used. At the same time such statutes are to be fairly and reasonably construed, and courts will not by narrow and strained construction exclude from their operation cases plainly within their scope and meaning. As stated by *Sedgwick on Statutory Law,* 287, and quoted with approval by Bramwell, B., in *Foley v. Fletcher,* 28 L. J. Exch. 100: "The more correct version of the doctrine appears to be that statutes of this class are to be fairly construed and faithfully applied according to the intent of the Legislature, without unwarrantable severity on the one hand or equally unjustifiable lenity on the other; in all cases of doubt the courts inclining to mercy." After all, then, it is the legislative intent that must govern in the construction of penal as well as all other statutes.

"Primarily, the intention of the Legislature must be sought in the words employed to express it. If the meaning of the language used be plain and unambiguous, the Legislature must be understood to intend what is plainly expressed, and nothing then remains but to give the intent effect." See, also, *Mitchell v. State,* 115 Md. 360, 364, 80 A. 1020; *Lutz v. State,* 167 Md. 12, 172 A. 354; *Tull v. Fitzgerald,* 167 Md. 429, 175 A. 216.

Applying the principles announced in the cited authorities to the facts in this case, we are constrained to hold that the court was not permitted, under the statute in question, by reason of insolvency of his sureties, to vacate the bond, which appellee had previously given, and that the court's criminal jurisdiction contemplated by the act had, by the filing of a bond which at that time was good,

been exhausted, but this holding, of course, does not relieve appellee or his sureties from their civil liability under that obligation.

*Order affirmed.*