## EASTERN TAR PRODUCTS CORPORATION ET AL. *v.* STATE TAX COMMISSION ET AL.

[No. 43, January Term, 1939.]

*Decided February 22nd, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, JOHNSON, and DELAPLAINE, JJ.

*Arthur W. Machen* and *John Henry Skeen,* with whom were *Armstrong, Machen & Allen* on the brief, for the appellants.

*Lawrence B. Fenneman, Deputy City Solicitor,* and *Michael J. Hankin, Assistant City Solicitor,* with whom were *William C. Walsh, Attorney General, William L. Henderson, Deputy Attorney General,* and *Charles C. G. Evans, City Solicitor,* on the brief, for the State Tax Commission and the City of Baltimore, appellees.

DELAPLAINE, J., delivered the opinion of the Court.

The appellants are ordinary business corporations engaged in manufacturing in Baltimore City. They were incorporated under the laws of Maryland in 1935, and in 1937 the State Tax Commission of Maryland tentatively assessed Eastern Tar Products Corporation on raw materials and manufactured products at $60,500, and Hopkins Shoe Co., Inc., on raw materials and manufactured products at $10,000, and on tools and machinery used in manufacturing at $10,255. The appellees protested against the assessment, claiming exemption from city taxation on raw materials and manufactured products, while the shoe company also claimed exemption from both state and city taxation on tools and machinery used in manu-

facturing. The State Tax Commission over-ruled the protests and made the assessments final on the ground that the appellants had failed to file their applications for exemption, as required by ordinance, prior to September 1st, 1936. The appellants thereupon petitioned the Circuit Court of Baltimore City for a reversal of the action of the Commission. Code (Supp. 1935), art. 81, sec. 186. The Mayor and City Council of Baltimore intervened as a party in each case. The court below affirmed the action of the Commission, and the two cases were consolidated in one record on appeal to this court.

The Tax Revision Act (Acts 1929, ch. 226), by which the Legislature revised the revenue and tax laws of this state, provides that the following property shall be exempt from assessment and from state, county and city taxation (Code [Supp. 1935], art. 81, sec. 7):

"(25) Tools (including mechanical tools) implements, whether worked by hand, steam or other motive power, machinery, manufacturing apparatus or engines used in manufacturing, whether temporarily idle or not, in any county (including the City of Baltimore) in which by law, resolution or ordinance the same are or may be exempt from county or city taxation; and the County Commissioners of any county and the Mayor and City Council of Baltimore are hereby authorized to pass such resolution or ordinance.

"(26) Raw materials on hand and manufactured products in the hands of the manufacturer in any city and/or county in which by law, resolution or ordinance the same are or may be exempt from county and/or city taxation; provided that nothing in this sub-section shall exempt any such property from State taxation or from assessment therefor."

Since 1880 the City of Baltimore has also been authorized by local law to allow manufacturer's exemptions. Acts of 1880, chs. 187 and 235; Acts of 1912, ch. 32; Acts of 1914, ch. 528; Acts of 1916, ch. 561; Acts of 1918, ch. 82, sec. 10. The Act of 1916, ch. 561, contains the following provision: "It shall be the duty of the Appeal

Tax Court to make such abatement of taxes, levied as aforesaid, as may be authorized and directed by ordinance, as aforesaid; provided that application for such abatement as aforesaid shall be made by the party applying for the same before the annual revision and correction of the tax lists for the year in which said applicant desires such abatement." This provision is found in article 4, section 6, sub-section 28 (c), of the Code of Public Local Laws of Maryland (1930 Edition), which was legalized by chapter 193 of the Acts of 1929, approved by the Governor on April 2nd, 1929, the day on which the Tax Revision Act was approved. It is also included in the Charter of Baltimore City (1938 Edition), art. 1, sec. 6, subsec. 28 (c).

In 1919 the Mayor and City Council of Baltimore passed Ordinance No. 462, providing that all personal property used in connection with manufacturing, including raw materials, manufactured products, tools and machinery, shall be exempted from taxation for municipal purposes. This ordinance provides:

"It shall be the duty of every person, firm or corporation entitled to an exemption, under this ordinance, to make application before the first day of September, 1919, to the Appeal Tax Court of Baltimore City, in writing and verified, as may be required by said Appeal Tax Court and upon blanks to be furnished by said Court. It shall be the duty of the Appeal Tax Court to provide sufficient blanks and furnish the same to anybody, upon request, for the purpose of making the application herein provided for and upon such application being made, and the facts therein being verified, to the satisfaction of said Court, by affidavit or otherwise, as may be directed by said Court, it shall be the duty of said Court to segregate the property entitled to exemption, under this ordinance, from other property, if any, of the applicant, not entitled to exemption hereunder and designate upon the assessment roll all the property entitled to exemption, under this Ordinance.

"The taxes levied, from year to year, by the Mayor and

City Council of Baltimore, for ordinary City purposes, shall not apply to the property so designated as exempted, in pursuance of this Ordinance. Such properties so designated as exempted, shall continue to be exempt thereafter, from year to year, without any further application by the owner or further action by the Appeal Tax Court.

"Any person, firm or corporation entitled to exemption, under this Ordinance, and who may have failed to make application therefor prior to September 1, 1919, and any person, firm or corporation who may become entitled to exemption, under this Ordinance, after September 1, 1919, may make application prior to September 1, 1920, or any succeeding year and obtain the exemption for the year following such application and thereafter."

Since the passage of this ordinance, the Legislature authorized the Mayor and City Council of Baltimore to "create a Bureau of Assessment, with any or all of the duties, power and authority conferred upon the Appeal Tax Court under any existing law, which said Bureau shall thereafter be subject to such additional duties, power and authority that may be conferred upon it by ordinance or by Charter amendment." Acts 1933, ch. 264; Charter, art. 1, sec. 6, subsec. 15C. The functions of the Appeal Tax Court were transferred to the Board of Assessment by Ordinance No. 595, approved on April 23rd, 1934.

The contention of the appellants is that, since tangible personal property belonging to domestic ordinary business corporations is now assessed for purposes of state, county and city taxation by the State Tax Commission, under the Tax Revision Act (Code [Supp. 1935], art. 81, sec. 10), therefore Ordinance No. 462 is no longer operative, and exemptions are now given to all manufacturers unconditionally and automatically. This contention, however, cannot be sustained. The Tax Revision Act did not of itself confer the right of exemption upon all manufacturers; it merely authorized such exemptions in any county, and in the City of Baltimore, in which the designated classes of property are or may be exempt from county or city taxation "by law, resolution or ordinance."

Moreover, the Tax Revision Act specifically states that its provisions are "intended to make no substantive change in existing laws, except so far as such change shall be clearly manifest." Code (Supp. 1935), art. 81, sec. 1. It is manifest that an exemption from taxation cannot be claimed, under a statute authorizing a city to grant the exemption, until the city has actually granted it. 44 *C. J.* 1295, 1307; *Grand Family Laundry v. Baltimore,* 134 Md. 99, 106 A. 254. And it has been held that a property owner claiming an exemption must plead and prove his exemption. 44 *C. J.* 1299; *Wells v. Savannah,* 181 U. S. 531, 21 S. Ct. 697, 45 L. Ed. 986. Since the Tax Revision Act conferred upon the City of Baltimore the privilege of granting manufacturer's exemptions, it seems evident that the Legislature intended to preserve the right to the city to prescribe reasonable regulations for the exception of the law, such as the provision for filing applications for exemption with the Appeal Tax Court (or its successor, the Bureau of Assessment) prior to September 1st. *Aejis Co. v. State Tax Commission,* 156 Md. 590, 144 A. 842.

The appellants also contend that the ordinance conflicts with the Charter provision that applications shall be made before the annual revision and correction of the tax lists. But if the Mayor and City Council of Baltimore determines to fix a time limit for filing applications, not later than the time for revision and correction of the tax lists, to facilitate the work of establishing the city's tax basis or otherwise to help the municipal authorities in the performance of their duties, such a provision does not contravene the Charter, and there could be no objection to such action, especially since the exemptions are authorized only "whenever it shall seem expedient" to the Mayor and City Council. As stated in 43 *C. J.* 219, in reference to the subject of municipal ordinances, "As a general rule, additional regulation to that of the state law does not constitute a conflict therewith. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no con-

flict therewith." *Rossberg v. State,* 111 Md. 394, 74 A. 581.

The courts hold that where municipal ordinances have been enacted in pursuance of competent authority, they should be upheld by every reasonable intendment, and reasonable doubts as to the validity of an ordinace should be resolved in its favor. 43 *C. J.* 570; *Mayor etc. of Baltimore v. Hughes' Admr.,* 1 G. & J. 480. Therefore, a person or corporation seeking an exemption from taxation is not entitled to the benefit of the ordinance authorizing the exemption until the applicant has fulfilled the requirements of the ordinance.

*Decrees affirmed, with costs.*