## SCRIVNER *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 3, October Term, 1948 (Adv.]

*Decided June 17, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Lester H. Crowther,* with whom was *DeLancey B. Scrivner* on the brief, for the appellant.

*Hamilton O'Dunne, Assistant City Solicitor,* with whom was *Thomas N. Biddison, City Solicitor,* on the brief, for appellees, Mayor & City Council of Baltimore.

*R. Dorsey Watkins,* with whom were *Piper, Watkins, Avirett & Egerton* on the brief, for the appellee, Chesapeake & Potomac Telephone Company.

GRASON, J., delivered the opinion of the Court.

This appeal presents the single question whether the appeal of DeLancey B. Scrivner (appellant) from the action of the Board of Municipal and Zoning Appeals in granting a permit to the Chesapeake and Potomac Telephone Company, to make certain improvements to its building known as No. 3913 W. Coldspring Lane, Baltimore, Maryland, was taken within the time prescribed by law. The appeal was taken twenty-seven days

after the resolution of the Board granting the permit was passed.

The zoning ordinance of Baltimore City, No. 1247, Paragraph 35(a) provides that an appeal from the Board may be taken by a petition presented to the Baltimore City Court "within thirty days after filing of the decision in the office of the Board". Article 66B, section 7, Code 1939, provides that such an appeal shall be "presented to the court within 30 days after filing of the decision in the office of the board". This article is a codification of the Laws of Maryland, 1927, Chapter 705, which is state-wide in its application and provides for zoning in Baltimore City and incorporated towns of the State containing more than 10,000 inhabitants. In 1946 Baltimore City adopted a new charter. By section 134 thereof, the duties of the Appeal Tax Court, the Commissioners for Opening Streets, and the Board of Zoning Appeals, were transferred to the Board of Municipal and Zoning Appeals, which was created, and absorbed the duties of those departments of the City government. Section 135 of the 1946 Charter provides:

"Unless appeals therefrom are otherwise provided for by Act of the General Assembly of Maryland, any person, * * * feeling aggrieved by any decision of the Board may, at any time within twenty days of a decision by the Board, appeal therefrom to the Baltimore City Court."

The appeal from the Board, in this case, not having been taken until twenty-seven days after the decision of the Board, motions were made by the appellees, in the lower court, to dismiss the appeal. These motions were granted by the court, and from its rulings the case comes here on appeal.

The contention is made that before the passage of the Act of 1927, Chapter 705, providing for zoning throughout the State, and known as the Enabling Act, the City of Baltimore possessed the power to zone, and prior thereto had passed several zoning acts; and, that the Enabling Act, so far as the City is concerned, simply

permits the City to do what it theretofore was empowered to do. It is argued, the Enabling Act being permissive as regards the City, and the City having had power to zone before the passage of that act, it need not use all the power that it is permitted to use by the act. Therefore the City had the power to limit the time for the taking of appeals in zoning cases to twenty days. A number of zoning cases decided by this court are collected in the brief of the appellees to sustain this contention. We think, however, that as to Baltimore City, the Act of 1927, Chapter 705, was an act to enable the Mayor and City Council to pass a comprehensive zoning law, and zoning Ordinance 1247 was passed by the Mayor and City Council on March 30, 1931, in conformity with the Enabling Act, and is a comprehensive zoning ordinance.

"Acting under the authority conferred by chapter 705 of the Acts of 1927, the mayor and city council of Baltimore on March 30, 1931, adopted Ordinance No. 1247, known as the Zoning Ordinance, * * *." *Jack Lewis Inc. v. Baltimore,* 164 Md. 146, 164 A. 220, at page 148, 164 A. 220, at page 221.

"The title to Ordinance No. 1247 indicates a subject-matter in full conformity with the power in terms conferred by the General Assembly. The language of the ordinance is in close adaptation to that of the statute, and the provisions are of the specified and defined character authorized by the Legislature. So what the Legislature has distinctly declared may be done cannot be annulled by the courts because they may consider the thing, when so authoritatively done, to be unreasonable or against sound policy. (authorities cited) The rule is different if the ordinance had been passed under the incidental authority of the municipality or under a grant of power of a general nature." *Lipsitz v. Parr,* 164 Md. 222, 230, 164 A. 743, 746.

At page 231 of 164 Md., at page 747 of 164 A., the court said: "The comprehensive zoning ordinance now in force in Baltimore city is the result of a thorough

survey of the situation, and a careful and intelligent adoption of a complete system of zoning under the enabling legislation now embodied in article 66B of the Code." *Lipsitz v. Parr,* 164 Md. 222, 164 A. 743.

The source of the City's power to ordain Ordinance 1247 is the Act of 1927, Chapter 705, and the limitation of appeals from the Board of Municipal and Zoning Appeals in zoning cases to twenty days, as provided by section 135, 1946 Baltimore City Charter, is not found in any provision of the Enabling Act. The Mayor and City Council cannot affect the zoning ordinance by a charter provision, or an ordinance, in a manner not authorized by the Enabling Act.

Again, speaking with reference to Ordinance 1247, the court, in *Sugar v. North Baltimore Methodist Protestant Church,* 164 Md. 487, at page 499, 165 A. 703, at page 707, said: "As the ordinance may only enact what the statute has authorized the municipality to do, the provision in the Zoning Ordinance for an appeal from the judgment of the Baltimore City Court is invalid. The proceedings on appeal in the Baltimore City Court were not within the ordinary common-law jurisdiction of that court, but in the exercise of a special authority under a statute which granted no further appeal."

The appellees rely on the case of *Rossberg v. State,* 111 Md. 394, 74 A. 581, 134 Am. St. Rep. 626. We do not think that case is in point here. That case was a criminal case. A State law made it criminal for anyone to deal in cocaine and provided penalties therefor. A Baltimore City ordinance made it criminal for anyone to deal in cocaine and provided penalties that were more severe than the penalties provided in the State law. It was held that there was no conflict between the ordinance and the State law. In 111 Md. at page 416, 74 A. at page 584, 134 Am. St. Rep. 626, the court quoted, with approval, 28 Cyc. 701: "Such ordinances must not directly or indirectly contravene the general law. Hence ordinances which assume directly or indirectly to permit acts or occupations which the State statutes prohibit, or

to prohibit acts permitted by statute or Constitution, are under the familiar rule for validity of ordinances uniformly declared to be null and void. Additional regulation by the ordinance does not render it void."

Neither do we think the case of *Eastern Tar Products Corporation v. State Tax Commission,* 176 Md. 290, 4 A. 2d 462, is in point. There the court was dealing with an act of the General Assembly permitting tax exemption on certain property. An ordinance was passed by the City requiring application for exemption on the property covered by the Act to be made by September 1st. This regulation, provided by the ordinance, was intended to fit the exemption in the City's taxing system regarding its annual assessment. The ordinance was a mere regulation, and not in conflict with a charter provision that applications shall be made before the annual revision and correction of the tax list, as was contended.

The charter provision limits appeals within twenty days, but this provision is only applicable "unless appeals * * * are otherwise provided for by Act of the General Assembly." The appeal in this case is provided for, as we have shown, by Act of the General Assembly, and we do not construe this charter provision as an attempt to limit such an appeal in this case.

For the reasons given above, the rulings of the lower court will be reversed.

*Order reversed, with costs to appellant.*