## GROH *v.* COUNTY COMMISSIONERS OF WASHINGTON COUNTY

[No. 75, September Term, 1966.]

*Decided February 13, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Kenneth J. Mackley* and *Vincent Groh* for appellant.

*Jacob B. Berkson* and *Fred C. Wright, III* for appellee.

HORNEY, J., delivered the opinion of the Court.

When Garland E. Groh was convicted by the Circuit Court of Washington County of violating a provision of the County Subdivision Ordinance he appealed to this Court.

The appellant was charged with and found guilty of violating § 1.2 of the county ordinance prohibiting the transfer of three or more lots from a parcel of land without having first submitted to the County Planning and Zoning Commission preliminary and final subdivision plans and was fined $100 and costs pursuant to § 34(c) of Article 66B of the Code (1966 Cum. Sup.).

The tract of farm land with respect to which this prosecution arose, containing between eighty and ninety acres of land and situated at Huyetts Crossroads on both sides of U. S. Route 40 and west of the intersection of that route and Maryland Route 63, was acquired by the appellant (and his wife) in 1928. Prior to the transfer of the three lots hereinafter referred to, the first conveyance out of the tract, for a public school, was made in 1930. A plat of the farm showing several building lots was made in 1938 but it was not used and was never recorded. Several unpaved streets were laid out in the tract but, except for a small portion of one street, none was ever dedicated to the public or conveyed to the county. In 1958, the Wacohu Grange acquired a lot east of the school lot and along the north side of Route 40 on which a meeting hall was built.

In 1964, after the county subdivision ordinance had become effective, the appellant and his wife made three other conveyances. By a deed dated September 16, another one acre lot contiguous to the north side of its existing property was conveyed to the Wacohu Grange. By a deed dated October 14, a lot containing slightly more than an acre, and lying on the west side of Brookfield Avenue (presumably one of the undedicated streets) approximately six hundred feet west of the Grange lot, was conveyed to the Hagerstown Y.M.C.A. And by a deed dated December 7, a lot containing one and a quarter acres, fronting on the west side of Brookfield Avenue and contiguous to the north boundary of the Y.M.C.A. lot, was conveyed to the Hagerstown Christian Youth Center. All of the conveyances were gifts. All of the lots were wooded and the convey-

ances were made with the intention that the lots were to be used as picnic grounds or for other recreational purposes. The grantee in each case had assured the grantors that the lots were not being acquired for building development. Although each deed contained a restriction limiting the use of the lot to residential purposes, this was done to protect third parties who had previously purchased building lots in the tract on which had been imposed a like restriction. No plan or plat of the area or of these lots was submitted to the county planning and zoning commission.

On appeal the appellant contends that the county subdivision ordinance is invalid because it exceeds the authority granted by the state enabling act. More specifically, the contention is that the county definition of what constitutes a subdivision is broader than that of the state in that the state definition does not apply to a gift of land but only to a sale. It is also contended that the county ordinance is invalid because it requires the filing of a plat for transfers of three or more lots whereas the state enabling act provides for a sale by reference to metes and bounds descriptions. The appellee, on the other hand, contends that the ordinance is a valid exercise of the power delegated to the county by the state and that the county was acting within the scope of its authority in requiring the filing of plats for all transfers of ownership of subdivided land.

Section 10, under Title 1-Municipal Planning and Zoning Commission, of Article 66B provides that for the purpose of planning the term—

> " 'Subdivision' means the division of a lot, tract or parcel of land into two or more lots, plats, sites, or other divisions of land for the purpose, whether immediate or future, of sale or of building development."

And § 1.3 of the county subdivision ordinance provides in pertinent part that—

> "A subdivision is the division of a parcel of land into three (3) or more lots or parcels for the purpose of transfer of ownership or building development."

The county ordinance further provides that the definition is not intended to include a testamentary division of land and divisions of land in the dissolution of a partnership, among the members of a family or for agricultural purposes, but it is silent as to the transfer of land as gifts. While it is clear that gifts of land are excluded from the definition of a subdivision in the state enabling act, it is not clear whether gifts of land were intended to be included or excluded from the definition of what is a subdivision in the county ordinance.

Although there would seem to be a difference between the subdivision of land "for the purpose of sale or building development" (as provided in the state enabling act) and the subdivision of land "for the purpose of transfer of ownership or building development" (as provided in the county ordinance), the record does not indicate, other than the use or misuse of the word "transfer", that the County Commissioners of Washington County had gifts of land in mind when, in enacting the county ordinance, it defined a "subdivision" as the division of a parcel of land into three or more lots or parcels for the purpose of transfer of ownership or building development. Nor does the record indicate that the County Commissioners, while excluding a testamentary division of land from its definition, intended to include an *inter vivos* gift of land in the definition, knowing that the making of three or more such gifts without filing a plat would subject the transferor to prosecution for a misdemeanor punishable by a fine. Rather, the county ordinance being silent, we regard such silence as indicating that the ordinance was not intended to apply to the situation presented by this case.

The contemporary rules of ordinance interpretation bear out the soundness of our ruling. In McQuillan, *Municipal Corporations* (3rd ed.), § 20:41, it is said:

> "Ordinances are to be construed in the light of, and in harmony with, applicable provisions of charter, state law, constitution and public policy. A particular ordinance is to be construed with reference to the grant of power, in charter or statute, to enact it. Moreover, an ordinance enacted pursuant to a statute should be construed by reading it with the statute, and if the

> language of both are in substance alike the presumption is indulged that the ordinance was designed to follow the statute."

And see *Stevens v. City of Salisbury,* 240 Md. 556, 214 A. 2d 775 (1965), in which the statement that a statute or ordinance should be so construed as to avoid a conflict with the constitution whenever reasonably possible is, by analogy, applicable here. Cf. *Kirkwood v. Provident Savings Bank,* 205 Md. 48, 106 A. 2d 103 (1954). See also *Ocean View Imp. Corp. v. Norfolk & Western Ry.,* 140 S. E. 2d 700 (Va. 1965); *Rutland Cable T. V. Inc. v. City of Rutland,* 166 A. 2d 191 (Vt. 1960); *LaMontagne v. Kenney,* 193 N. E. 9 (Mass. 1934); *Van Arsdale v. Justice,* 133 N. Y. S. 661 (S. Ct. 1912).

In construing ordinances, the presumption that they are valid is favored by the courts and all reasonable doubts are to be resolved to that end if possible. *Balto. & Ohio R. R. Co. v. Wright,* 198 Md. 555, 84 A. 2d 851 (1951); *Eastern Tar Products Corp. v. State Tax Comm.,* 176 Md. 290, 4 A. 2d 462 (1939); *Baltimore v. Clunet,* 23 Md. 449 (1865); McQuillan, *op. cit.* §§ 20:49, 20:50; 37 Am.Jur., *Municipal Corporations,* § 189; 62 C.J.S., *Municipal Corporations,* § 442.

Aside from all of this, it is clear that the gifts of the three parcels of land to the charitable or fraternal institutions instead of being for building developments were intended to be used (according to the uncontroverted evidence) only as recreational or picnic areas. And while the deeds (in order to protect previous purchasers of lots for residential purposes) contained restrictions limiting the use of these lots to residential purposes, the intended uses are not prohibited in residential zones. Moreover, it is conceded that if and when the land given to the institutions is sold by the grantees it would then be subject to the county subdivision ordinance. Had eleemosynary institutions been created for the purpose of taking title in an effort to avoid compliance with the subdivision requirements, the situation might be different. As it is, however, there was in this instance no need for the submission of a plat to the county planning and zoning commission and we so hold. This holding, which is limited to the particular facts of this case, is not aimed at

curtailing or casting doubt on the validity of the county ordinance, but is intended to retain the consonancy between the ordinance and the state enabling act.

As the ordinance and statute under which the appellant was prosecuted and punished were penal in nature, the law requires such regulations to be strictly construed in his favor. *Weinecke v. State*, 188 Md. 172, 52 A. 2d 73 (1947). See also *Gatewood v. State*, 244 Md. 609, 224 A. 2d 677 (1966), and cases cited. This means, as was said in *State v. Fleming*, 173 Md. 192, 195 Atl. 392 (1937), that the courts will not punish for a violation that does not come within the plain language of the ordinance or statute alleged to have been transgressed. In the light of our interpretation of the county ordinance, the appellant should not have been found guilty of violating it.

> *Order of court "entering judgment of a fine" is reversed and case remanded for the entry of a judgment of acquittal; the County Commissioners of Washington County to pay the costs.*