533 A.2d 1344

**PEOPLE'S COUNSEL FOR BALTIMORE COUNTY**

v.

**Robert W. MOCKARD et al.**

No. 451, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Dec. 7, 1987.

Peter Max Zimmerman (Phyllis Cole Friedman, on brief), Towson, for appellant.

Robert W. Cannon (Steven C. Hilsee and Weinberg and Green, on brief), Baltimore, for appellees.

Argued before WILNER, ALPERT and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

People's Counsel for Baltimore County appeals from a decision of the Circuit Court for Baltimore County, reversing in part and remanding in part, the administrative order of the County Board of Appeals of Baltimore County. Upon a finding of error in the county-wide comprehensive

zoning, the County Board had conditionally granted Robert W. Mockard, et al., appellees, a piecemeal zoning reclassification. Appellees filed a cross-appeal. The issues we will deal with on appeal are:

1. Whether the Board's limitation on the future use of the subject property is an invalid condition on the reclassification.

2. Whether the Board failed to make proper findings as required by the Baltimore County Code.

3. Whether there was an error in the comprehensive zoning.

Appellees, Robert W. Mockard, et al., petitioned the Baltimore County Board of Appeals for a reclassification of property zoned Business, Local (BL–CS–2). They claimed that there was an error in the 1984 comprehensive zoning map and requested a reclassification of the property to the next higher intensity business zone, Business, Major (BM–CS–2). Appellees filed an "open plat" reclassification which, if granted, authorizes any permitted use within the designated classification. The Board, finding error, granted the reclassification for the specific purpose of expanding appellees' existing used and new car dealership.

Both parties appealed the Board's decision to the Circuit Court for Baltimore County. The court affirmed the Board's finding of error in the comprehensive zoning but found that the conditional zoning was invalid. The court remanded the case to the Board to determine whether, based on the factors delineated by the county code, the prospective classification was warranted. Both appellant and appellees agree with the circuit court's finding regarding the invalidity of conditional zoning. Appellant appeals the court's finding of error. It claims that the evidence before the Board demonstrated that the requested reclassification was unwarranted. Appellees cross-appeal, contesting the court's remand to the Board for findings under the Baltimore County Code. They argue that the finding of error in the comprehensive zoning should be affirmed, and the con-

dition should be stricken without remanding the case to the Board.

## Conditional Zoning

■ Conditional zoning is a zoning reclassification subject to conditions not generally applicable to land similarly zoned. "[W]hen an area of land is rezoned from one classification to another, and such change is not outright but subject to some type of conditions, then we are confronted with a conditional zoning problem." *Board of County Comm'rs of Washington County v. H. Manny Holtz, Inc.*, 65 Md.App. 574, 579, 501 A.2d 489 (1985), quoting Miller, *The Current Status of Conditional Zoning*, Institute on Planning, Zoning, & Eminent Domain 122 (1974).

■ In *Montgomery County v. National Capital Realty Corp.*, 267 Md. 364, 297 A.2d 675 (1972), the Court said, "The invalidity of conditional zoning in Maryland is not seriously open to question." *National Capital Realty Corp.*, 267 Md. at 373, 297 A.2d 675. This Court continues to reaffirm the invalidity of conditional zoning. *H. Manny Holtz, Inc.*, 65 Md.App. at 586, 501 A.2d 489. In *Holtz*, appellant argued that the Maryland Code provision granting local legislative bodies the general authority to rezone land contained an express grant of conditional zoning power. *H. Manny Holtz, Inc.*, 65 Md.App. at 580, 501 A.2d 489. We held that, although "various states have been attracted to conditional rezoning as a valuable planning tool, we are not inclined to construe the statute to provide for conditional use zoning in Maryland." *H. Manny Holtz, Inc.*, 65 Md. App. at 586, 501 A.2d 489.

In chartered counties such as Baltimore County, there are certain limitations to the general rule invalidating conditional zoning. The Baltimore County Code provides two alternative methods for those seeking reclassification.

Sections 2–58.1(1)-(n) permit a form of conditional zoning.[1] Baltimore County, Md.Code § 2–58.1(1) (1985 Cum.Supp.) allows a petitioner to submit a specific site plan.[2] That section requires petitioners to provide extensive documentation, including a specific site plan and an environmental impact statement. § 2.58.1(1) & (2). If a petitioner chooses to submit a site plan, the requirements set forth in § 2–58.1(j)[3] must be satisfied before a reclassification will

---

[1]. Section 2–58.1(m) deals with amending zoning reclassification petitions and is not relevant to this case.

[2]. Section 2–58.1(1) provides:

"(1) If a zoning reclassification petition includes documentation relating to the proposed use of the property under petition, that documentation must include:

"(1) Elevation drawings and a plan satisfying the zoning commissioner's rules of practice and procedure and showing locations, coverage, floor areas, heights, character, and exterior materials of all proposed structures and all existing structures to be retained; and all existing structures to be removed; signs visible outdoors; all principal uses; hours of operation, maximum number of employees, and maximum levels of emanations (including sound and other vibrations, dust, odors, gases, light and heat); parking and loading facilities; existing and proposed public and quasi-public facilities on and adjacent to the site, including stormdrain systems, waterlines, sewerage, streets and drives, and railroad sidings; existing ponds and other bodies of water, watercourses, 100 year floodplains, major vegetations, and unusual natural formations, and proposed changes in grade; and

"(2) An environmental impact statement, as defined in the Baltimore County Zoning Regulations, that concerns the proposed use of the property under petition and that has been competently prepared by a professional planner or engineer of appropriate qualifications.

"A plan submitted pursuant to this subsection may show the location of a precise building envelope (a clearly delimited area within which a building is to be entirely located but which is larger than the area covered by the building itself) in lieu of the precise location of a building; may show precise maxima and minima in lieu of fixed values; may set forth lists of precisely described possible uses of a given space, in lieu of specifying a single use; and may otherwise reasonably allow for flexibility or alternatives, provided that appropriate precise limits are set forth."

[3]. Section 2–58.1(j) provides:

"(j) Before any property is reclassified pursuant to this section, the board of appeals must find:

"(1) That there has occurred a substantial change in the character of the neighborhood in which the property is located since the

be granted. The reclassification is contingent upon compliance with the submitted site plan and is specifically exempted from the uniformity requirement of Baltimore County Code § 22–20, Baltimore County, Md.Code, § 2–58.1(n) (1985 Cum.Supp.).[4] Appellees did not choose to proceed under this method of reclassification.

In the case *sub judice,* appellees sought an unconditional (or "open plat") reclassification. Section 2–58.1(j) sets forth

---

property was last classified, or that the last classification of the property was established in error; and

"(2) That the prospective reclassification of the property is warranted by that change or error. Any finding of such a change or error and any finding that the prospective reclassification is warranted may be made only upon consideration of factors relating to the purposes of the zoning regulations and maps, including, but not limited to, all of the following: Population trends; availability and adequacy of present and proposed transportation facilities, water-supply facilities, sewerage, solid-waste disposal facilities, schools, recreational facilities, and other public facilities, compatibility of uses generally allowable under the prospective classification with the present and projected development or character of the surrounding area; any pertinent recommendation of the planning board or office of planning and zoning; and consistency of the current and prospective classifications with the master plan, the county plan for sewerage and water-supply facilities, and the capital program."

**4.** Section 2.58.1(n) provides:

"(n) Property may be reclassified under this section only upon making the findings required under subsection (j) of this section. Property may not be reclassified solely on the basis of documentation relating to the property's proposed use. However, any provision of section 22–20 to the contrary notwithstanding, if the petition to reclassify the property does include such documentation and is granted, the property may be used only in accordance with the plan included within that documentation; the zoning classification of any such property will revert to the previous classification unless, within three (3) years after the date of the final order granting the petition, the property is being used in accordance with the plan or, in a case where development is necessary to implement the plan, unless the development either is completed or has been substantially undertaken and is being diligently pursued to completion. The requirement that such a property be utilized in accordance with a plan, and the provision that otherwise the classification of the property will revert, will not be affected by the subsequent enactment of a zoning map, pursuant to section 22–22 or 22–23 of this

the requirement for such an unconditional reclassification.[5] Appellees were not required to submit any of the documentation necessary for a specific site reclassification. An unconditional reclassification, if granted, allows appellees to engage in any use permitted by the new zoning classification.

Even though appellees proceeded under and requested an unconditional reclassification, they introduced substantial evidence at the hearing of their intent to use the property to expand the existing car dealership. Neighboring property owners testified that they were concerned about a general reclassification, but had no objections to appellees' extension plans. Thus, it is not surprising that in finding error, the Board specifically conditioned the reclassification "for the specific purpose of expanding the existing used and new car dealership." In this way, the Board apparently felt it could grant the reclassification and at the same time protect the quality of life of the surrounding neighborhood.

■ While we appreciate the Board's concerns, we cannot ignore the method it chose to implement them. Appellees requested an unconditional reclassification. The Board did not grant it. Appellees did not follow the procedure necessary for the granting of a specific site reclassification. The Board did grant that type of reclassification. Thus, we affirm the trial judge's decision that the Board's conditional granting of the reclassification was invalid.

■ Appellees propose that we strike the condition but affirm the Board's decision to reclassify the property. We disagree. It is possible that the Board would have granted the reclassification despite the invalidity of the condition. But it is equally as likely that the Board would not have granted the reclassification unless it could attach the condition. Thus, it is necessary to remand the case to the Board

---

Code unless the zone classification of the property is further changed by that map.

**5.** *See supra* n. 3.

to determine whether *all* permitted uses under the prospective classification are, in fact, warranted.[6]

### Section 2–58.1(j)(2)

The circuit court found that in granting the reclassification the Board's opinion did not reflect the requisite consideration of factors enumerated in § 2–58.1(j)(2). The court remanded the case to the Board to consider whether, based on those factors, the reclassification to BM was warranted. Section 2–58.1(j)(2) provides:

"That the prospective reclassification of the property is warranted by that change or error. *Any finding of such a change or error and any finding that the prospective reclassification is warranted may be made only upon consideration of factors* relating to the purposes of the zoning regulations and maps, *including, but not limited to, all of the following:* Population trends; availability and adequacy of present and proposed transportation facilities, water-supply facilities, sewerage, solid-waste disposal facilities, schools, recreational facilities, and other public facilities, compatibility of uses generally allowable under the prospective classification with the present and projected development or character of the surrounding area; any pertinent recommendation of the planning board or office of planning and zoning; and consistency of the current and prospective classifications with the master plan, the county plan for sewerage and water-supply facilities, and the capital program." (Emphasis added.)

Under that provision, the Board must make two findings: 1) that there was error in the comprehensive zoning, and 2) that the prospective reclassification is warranted. Both of those findings may be made "only upon consideration of factors ... including, but not limited to, all of the following ...."

---

**6.** On remand, appellees may choose to amend and proceed in accordance with the specific site plan provisions.

Two issues are before us on appeal. The first involves an interpretation of the phrase "consideration of factors." The second issue is whether the Board's finding of error in the comprehensive zone plan was in accordance with § 2–58.1(j)(2).

### Consideration of Factors

Appellees filed a cross-appeal, arguing that § 2–58.1(j)(2) does *not* require the Board to enter specific findings as to each factor. They claim that the Board is only required to "consider" the factors. In support of their argument, appellees quote a provision from the Anne Arundel County, Md.Code dealing with specific factors to be taken into account in rezoning cases. That provision provides in pertinent part:

> "Rezoning shall be granted or denied ... but a rezoning may not be granted except on the basis of an *affirmative finding* that: ...." (Specific factors omitted.) (Emphasis added.)

Anne Arundel County, Md.Code, art. 28, § 11–102 (1985).

Appellees argue that the words "affirmative finding" necessitate express findings. Conversely, they claim that the Baltimore County Board need only "consider" certain factors, hence the Board did not need to objectively deal with the factors. We do not agree with appellees' conclusion.

The threshold question is, irrespective of the specific language used in a given statute, on what basis does a court review an agency's actions? In *United Steelworkers of America AFL–CIO, Local 2610 v. Bethlehem Steel Corp.*, 298 Md. 665, 272 A.2d 62 (1984), the Court answered that question as follows:

> "Judicial review of administrative action differs from appellate review of a trial court judgment. In the latter context the appellate court will search the record for evidence to support the judgment and will sustain the judgment for a reason plainly appearing on the record whether or not the reason was expressly relied upon by

the trial court. However, in judicial review of agency action, the court may not uphold the agency order unless it is sustainable on the agency's findings and for the reasons stated by the agency."

*United Steel Workers*, 298 Md. at 679, 272 A.2d 62. *See also* Abrams, *Guide to Maryland Zoning Decisions* 92–93 (2d ed. 1984). The court may not supply factual findings which were not made by the Board. *Ocean Hide Away Condominium Ass'n v. Boardwalk Plaza Venture*, 68 Md.App. 650, 664–65, 515 A.2d 485 (1986). It is only when the Board's finding is uncontradicted from other sources and only one conclusion could be reached, that a lack of findings will not warrant remand. *Gough v. Board of Zoning Appeals for Calvert County*, 21 Md.App. 697, 704, 321 A.2d 315 (1974).

Anderson, *American Law of Zoning*, § 16.41, states succinctly the reasons why administrative agencies should make express findings:

"Given express findings, the court can determine whether the findings are supported by substantial evidence, and whether the findings warrant the decision of the board. If no findings are made, and if the court elects not to remand, its clumsy alternative is to *read* the record, *speculate* upon the portions which probably were believed by the board, *guess* at the conclusions drawn from credited portions, *construct a basis* for decision, and *try to determine* whether a decision thus arrived at should be sustained. In the process, the court is required to do much that is assigned to the board, and the latter becomes a relatively inefficient instrument for the construction of a record." (Emphasis added.)

■ Hence, we hold that "consideration of factors" requires an articulation of the findings as to each of the applicable factors contained in § 2–58.1(j)(2). The Board must make such findings in *both* a finding of error in the comprehensive plan and in a decision that the reclassification was warranted.

## Finding of Error

As discussed earlier, in finding error or that a reclassification is warranted, the Board must consider factors, "including, *but not limited to,* all of the following...." Section 2–58.1(j)(2). This means that, in order to make either of those findings, the Board must *at least* articulate its findings as to the 13 identified factors. Under that section, the Board is not limited in its determination to consideration of just those factors. A petitioner can also establish error in the comprehensive zoning with probative evidence to show that the assumptions or premises relied upon by the Council at the time of the comprehensive (re)zoning were invalid. The presumption of validity accorded comprehensive zoning may be overcome by evidence establishing that there were then existing facts which the Council, in fact, failed to take into account, or subsequently occurring events which the Council could not have taken into account. *Howard County v. Dorsey,* 292 Md. 351, 356–58, 438 A.2d 1339 (1982), citing *Boyce v. Sembly,* 25 Md.App. 43, 50–53, 334 A.2d 137 (1975).

■ In the case *sub judice,* the Board's decision failed to include findings relative to the factors set forth in the Code. It is conclusory in nature and lacks sufficient indication of which, if any, factors the Board considered in making its determination. In this case, the evidence introduced at the hearing does not lead to the inevitable conclusion that there was an error in the existing comprehensive plan. There was testimony by appellees' own witness that the present zoning provides for a reasonable use of the subject property. While some of the nearby property is zoned BM, the property to the immediate west is zoned BL and BR. Finally, there is no indication that there was any evidence before the Board demonstrating that the Council relied on erroneous assumptions or premises in formulating the comprehensive zoning plan.

We hold that the Board's finding of error in the comprehensive plan was not made in accordance with § 2–58.1(j)(2).

There is no evidence that the Board properly considered the factors contained in that section. Thus, we are unable to reach the issues of whether there was convincing evidence of error and whether the Board's finding of error was fairly debatable.

Although with more specificity than expressed by the trial judge, we affirm the remand of the case for the Board to decide whether there was an error in the comprehensive zoning plan. In making that determination, the Board must at least "consider," as we have defined that word, the factors found in § 2–58.1(j)(2). Secondly, the Board must at least "consider" those factors and make specific findings as to whether the proposed reclassification is warranted.

JUDGMENT AFFIRMED. COSTS TO BE DIVIDED EQUALLY BY APPELLANTS/CROSS–APPELLEES AND APPELLEES/CROSS–APPELLANTS.