MARY M. FLEISHMAN *v.* H. MORTIMER KREMER
ET AL.

[No. 34, April Term, 1941.]

*Decided May 20th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*Isaac Lobe Straus,* with whom was *Louis F. Meyer, Jr.,* on the brief, for the appellant.

*Joseph Kolodny,* submitting on brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appeal is from an order of the Orphans' Court dismissing the petition of a widow for removal of executors under her husband's will because of their selling assets of the estate under an order passed after an appraisal but before an inventory had been returned. Section 292 of article 93 of the Code of 1939 provides that an order for such sale as prayed might be passed "on * * * application made after the return of an inventory."

Israel H. Fleishman, who died on January 22nd, 1940, had been a retail dealer in shoes in Baltimore City, and on his death his store at 417 West Lexington Street in Baltimore City was closed. The executors named in his will, after having received their letters of administration on January 26th, had the goods appraised on January 29th by appraisers attached to the office of the Register of Wills, but the return of the inventory was withheld by the appraisers until they could value shares of stock belonging to the estate in corporations not listed on exchanges. An application for continuation of the business for sale as a going concern was denied, but the executors were informed that the business could be kept open for a time without an order if the best interests of the estate required it. The store was then opened, and two salesgirls employed by the decedent were retained and directed to make sales of articles on the premises. Efforts were then started to arrange a sale of the business, but failed because the books showed that it had not been profitable in the previous year. A purchaser of the stock and some fixtures in the store was ultimately found, and the executors, on March 5th, 1940, representing that the money was needed to pay debts of the estate, procured from the Orphans' Court an order authorizing a private sale of the stock at a price not less than the appraised value, or a public sale after published notice. The private sale was made at a price above the appraised value.

At the same time, negotiations with the landlord of the premises culminated in a compromise agreement to terminate the lease, with its payments of rentals, upon

condition that certain fixtures remain on the premises. This lease had three years more to run, but by its terms was not assignable. The agreement was approved by the court on application made the same day, March 5th, 1940. It may be discussed as part of the one sale of assets.

On March 26th, 1940, the widow filed a petition praying that because of the failure to return the inventory of assets before applying for the orders for sale the orders of March 5th be stricken out. An answer was filed; on April 11th, an inventory of all assets was filed; and an account of sales followed on May 1st.

Further proceedings were delayed until October 24th, when, after a hearing on the widow's petition and the answer to it, the court passed an order invalidating the orders of March 5th *ab initio* because inadvertently passed, the lack of the inventory having then been unknown.

On November 8th, the petition of the widow, from the dismissal of which she now appeals, was filed. It prayed, in addition to the removal of the executors and the appointment of the necessary administrator with the will annexed, that the sale approved March 5th be again declared void, and that the goods sold and the rights under the lease be reclaimed. In its order on the petition, passed on February 24th, 1941, however, the court merely declined to remove the executors. Before that order was passed, the executors filed a new petition for authority to sell, urging that the sale and surrender of the lease already made be authorized and approved as the most advantageous for all interests possible at any time, and the order of February 24th, deferred action on that petition until after a subsequent hearing.

In argument, the appellant cites the limitations on the powers of the court and personal representatives found in sections 292 to 296 of article 93, Code of 1939. Section 292, upon which the executors' petitions of March 5th, appear to have been based, provides that sales may be directed when the executor or administrator has not sufficient money in the estate to pay debts, and makes appli-

cation after the return of the inventory. Sections 293 and 294 authorize orders for sales when deemed advantageous for the persons interested in the administration, or on application of an executor or administrator when it is advantageous to the persons interested, and it appears that in their final petition for sale the executors proceeded under these sections. Section 295 prohibits and makes void a sale by an executor or administrator without an order of court authorizing it, and section 296 provides that if one does sell or remove property without an order of the Orphans' Court, "the orphans' court may revoke his letters as soon as they are satisfied of such sale or removal having taken place, and appoint an administrator, whose duty it shall be immediately to proceed to get possession of the property so sold or removed."

Counsel assume that the absence of an inventory returned before the first orders to sell, and the subsequent rescission, rendered those first orders nullities. There might be a question whether the withholding of the inventory was more than an irregularity rendering the orders voidable rather than void. *Johnson v. Hines*, 61 Md. 122, 130. The rescinding order would not alter its legal effect, rendering the sale void, if it were not so in itself. But this question need not be decided now. Suffice it to say that this court is clear that according to the evidence there was no ground for the removal of the executors even if the order was void and the sale a nullity.

The appellant contends that the word "may" in a statutory authority, and particularly that given the Orphans' Court in section 296 to revoke letters, is always to be construed as "must," or "shall," and that the Orphans' Court here was compelled to remove the executors if the sale was made without an order; but that is incorrect. The large number of decisions to the contrary reviewed in 26 *Words and Phrases*, Perm. Ed., 774 to 864, on the word "may," illustrates this sufficiently. In the expression of Chancellor Kent, frequently used in later decisions, where the public interest and rights are con-

cerned, and the public or third persons have a claim *de jure,* the usual rule of construction is that the power given shall be exercised. *Newburgh Road Co. v. Miller,* 5 Johns. Ch. (N. Y.), 101. But that is a method of arriving at the legislative intent, which is the ultimate rule. *Varnum v. Thruston,* 17 Md. 470, 496; *Vestry of Emmanual Church v. Safe Deposit & Trust Co.,* 169 Md. 28, 35, 179 A. 164. The word bears its ordinary significance of permission unless the context of the purpose of the statute shows that it is meant to be imperative: "only when the context or subject-matter compels such construction." *Farmers' & Merchants' Bank v. Federal Reserve Bank,* 262 U. S. 649, 662, 43 S. Ct. 651, 652, 67 L. Ed. 1157; 30 *A. L. R.* 635; 2 *Sutherland, Statutory Construction,* secs. 634 to 640; 5 *L. R. A.,* N. S. 340 Note; *Sifford v. Morrison,* 63 Md. 14, 16; *State v. Knowles,* 90 Md. 646, 655, 45 A. 877. On a first reading of this Maryland statute, section 296, it seems to the court to signify only that permission is given to remove executors if the court's judgment so dictates, and no reason for the contrary interpretation is seen. When the effect of that contrary interpretation in such a case as the present one is considered, it would seem too unreasonable to be intended. That any and all degrees of mistake or wrongdoing that might occur in making a sale under an order passed before inventory returned must be visited with the one penalty of removal of executors, even the most desirable of executors, would be intolerable. In the opinion of this court removal would not be compelled, and on the testimony in the case would be unwarranted.

It cannot, indeed, be said that these executors sold without an order of court within the meaning of section 296. An order was passed. And even if that order failed to give validity to the sale because itself void—as we do not decide—it must have the effect of acquitting the executors of the violation of the statute for which the power of removal was given. It is the evident purpose of the statute that executors shall sell only under the special authority of the court in fact, and it is complied with if in good faith they submit to that authority; the in-

validity of it in law, while it might necessitate another order after inventory filed, could not render the sale wilful and contumacious. The purpose, submission to the authority of the court, has been accomplished throughout.

For all that appears these executors were as zealous in furthering the interests of the estate and its beneficiaries as it can be hoped executors will be, and it would be an absurd application of the statute to hold that the court and the beneficiaries must be deprived of their services because of the mistake in the order of proceeding. *Macgill v. McEvoy,* 85 Md. 286, 287, 298, 37 A. 218.

Objection is made to the admission of the testimony to which references have been made on the ground that a disposition of previous pleadings was first necessary. The appellant had filed a demurrer, or exceptions in the nature of a demurrer, to the executors' answer to her last petition, and filed a motion *ne recipiatur* to the last petition of the executors; these, contends the appellant, should have been heard before testimony was taken, but the court, instead, proceeded upon the petitions and answer. This was not improper, because these pleadings have no such place in orphans court proceedings as to require preliminary hearings, before the merits of a controversy are taken up. *Tublin v. Schockett,* 178 Md. 212, 216, 12 A. 2nd 616. The court could proceed to the merits as it did, disregarding the dilatory pleadings, or treating them as a replication and an answer closing the presentation of the controversy on the papers, *Hignutt v. Cranor,* 62 Md. 216. "Common law pleading has never been introduced or found practicable in the Orphans' Courts." *Munnikhuysen v. Magraw,* 57 Md. 172, 193; *King v. Bork,* 166 Md. 17, 19, 170 A. 524. No other objection is seen to the testimony. A wide latitude was admissible in a proceeding for removal of executors.

It may be added that as action on the last petition of the executors here was deferred by the order appealed from, and the approval of the sale was left open, that part of the order is not final, ready for appeal.

*Order affirmed, with costs.*