520 A.2d 738

Joseph **CRUMLISH**

v.

**INSURANCE COMMISSIONER, State of Maryland, et al.**

**No. 553, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Feb. 5, 1987.

Richard J. Brooks of Lanham, for appellant.

Donna L. Jacobs (Thomas Waxter, Jr., Semmes, Bowen & Semmes, Baltimore, and Andrea M. Covell of Washington, D.C., on the brief), for appellee, GEICO.

Kathleen M. Sweeney, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee, Insurance Com'r.

Argued before BISHOP, ROBERT M. BELL and POLLITT, JJ.

BISHOP, Judge.

Appellant, Joseph D. Crumlish, appeals from an Order of the Circuit Court for Baltimore City which affirmed an Order of the Insurance Commissioner of the State of Maryland (Commissioner) by which appellant's automobile insurer, appellee, Government Employees Insurance Company (GEICO), was found not to have violated any of the pertinent sections of MD. ANN. CODE art. 48A, the Insurance Code, in its attempted cancellation of appellant's insurance policy.

## FACTS

The notice sent to appellant by the appellee indicated that the cancellation was based on two incidents occurring in

1984. On January 14, 1984, Mr. Crumlish "slid into a parked car." GEICO paid out $1,461.54 in property damage and $658.00 under his collision coverage. On April 24, 1984, Mr. Crumlish "fell asleep at the wheel and ran up a curb." GEICO paid out $403.47 on this incident. The cancellation notice pointed out that:

> With 2 accidents within 2 years, you are 2.93 times as likely to be involved in an accident in the next year as a driver with no accidents. Your risk potential is not indicative of the preferred risk GEICO strives to insure in meeting its business and economic purposes.

At a hearing before the Insurance Commissioner, Ms. J.F. Ruckert appeared on behalf of GEICO and testified that:

> One of our underwriting standards is that any individual who's been involved in two or more surchargeable losses within a 24–month period of time where GEICO has paid out over $300.00 on behalf of the insured, GEICO is unable to continue to insure that individual.... Both of these [Mr. Crumlish's accidents] would be considered surchargeable ... therefore, we are attempting to cancel his policy....

The Hearing Officer determined that GEICO "had applied its underwriting standards in a manner which is consistent with the existing requirements of law." Mr. Crumlish appealed to the Circuit Court for Baltimore City pursuant to Article 48A, § 40(4). James Hospital, GEICO's Director of Risk Research, gave substantially the same evidence as that given by Ms. Ruckert before the Hearing Officer. Hospital also testified that:

> The purpose of underwriting guidelines is to define the market it's willing to insure, basically prepare, by the way, standardize, nonstandard writers and guidelines are directed toward finding that market that we insure. GEICO considers itself to be a preferred writer, and the guidelines are to insure that the company makes a profit for its stockholders—And it is also to define our market precisely enough as much as we are allowed to so that we

can charge a rate commensurate with the preferred risk market to keep policyholders.

As Ms. Ruckert had, Hospital also concluded that GEICO's "rating plan does not contemplate rates for people that have two point accidents in a 24–month period." The circuit court affirmed the Insurance Commissioner's ruling.

Although appellant raises three issues, we will address only the third issue, which will be dispositive of the appeal:

I. Did the Order of the Insurance Commissioner comply with Article 48A, § 39?

—"Findings of Fact"—

Section 39 of the Insurance Code directs the Commissioner, after the hearing, to issue an order resolving matters raised at the hearing. Section 39(2) provides that:

(2) The order shall contain a concise statement of facts as found by the Commissioner, and of his conclusions therefrom, and the matters required by § 29.[1]

Pursuant to this subsection, the following Order was issued by the Hearing Officer in the case *sub judice:*

ORDER ON HEARING

This Hearing was conducted on November 5, 1984        pursuant to Sections 55, 234A and 240AA of Article 48A of the Annotated Code of Maryland (1979 Replacement Volume) upon the request of ____ Complainant/   X   Licensee on the proposed action of Licensee in cancelling or nonrenewing Complainant's insurance coverages.

---

1. § 29. Orders and notices.
    (1) Orders and notices of the Commissioner shall not be effective unless in writing signed by him or by his authority.
    (2) Every such order shall state its effective date and shall concisely state:
    (i) Its intent or purpose.
    (ii) The grounds on which based.
    (iii) The provisions of this article pursuant to which action is so taken or proposed to be taken; but failure to so designate a particular provision shall not deprive the Commissioner of the right to rely thereon.
    (3) An order or notice may be given by delivery to the person to be ordered or notified or by mailing it, postage prepaid, addressed to him at his principal place of business as last of record in the Commissioner's office.

**186**

FINDINGS OF FACT

Licensee proposed to cancel/nonrenew, or surcharge Policy # 551 34 34 2 for the reasons set forth in its notice dated June 15, 1984 or in lieu of said cancellation or nonrenewal, or surcharge, Licensee proposed to exclude N/A from coverage under said policy for the reasons set forth in its notice.

Complainant protested Licensee's proposed action and upon due consideration of the testimony and exhibits, I find as a fact that the Licensee: has applied its underwriting standards in a manner which is consistent with the existing requirements of law.

CONCLUSIONS OF LAW

Upon the foregoing findings of fact, I conclude the Licensee:

_____ is in violation of Section(s) _____ of Article 48A in this case.

__X__ is not in violation of any Section of Article 48A in this Case, Sections 55, 234A and 240AA.

ORDER

THEREFORE, it is this 24th day of December 1984, by the Insurance Commissioner of Maryland, ORDERED

_____ That the Licensee continue in effect the insurance coverages of the Complainant

__X__ That the Licensee be permitted to effect its proposed action on or after January 12, 1985.

_____ Other

(emphasis in original).

■ Appellant argues that this Order does not comply with Section 39.  We agree.  The italicized portion of the above order falls far short of the requirements of the statute that it contain a "concise statement of the facts as found by the Commissioner and his conclusions therefrom."  *See Ocean Hideaway Condominium Ass'n v. Boardwalk Plaza Venture*, 68 Md. App. 650, 515 A.2d 485 (1986).

In the recent *Ocean Hideaway* case we reviewed several decisions by the Court of Appeals on findings of fact.  We cited *Baker v. Board of Trustees*, 269 Md. 740, 309 A.2d 768 (1973), for the proposition that:

> As long ago *as Adams v. Board of Trustees*, 215 Md. 188, 195, 137 A.2d 151, 155 (1957), we reversed, as not supported by the evidence, an action taken by the Board without a finding of fact, or an assignment of reasons for the result reached.  Only the circumstances that the record before us makes it clear that the Board could have reasonably reached the result which it did, *Heaps v. Cobb, supra*, 185 Md. [372] at 380, 45 A.2d [73] at 76 [1946] saves this case from a similar fate.  To be certain that the teaching of *Adams* is not again overlooked, we propose to remand, for appropriate findings of fact, any case which hereafter reaches us in the posture of this one.
>
> This is no more than a recognition of the fundamental right of a party to be apprised of the facts relied upon by the agency, *Blue Bird Cab Co. v. Department of Employment Security*, 251 Md. 458, 466, 248 A.2d 331, 335 (1968) and, even in the absence of a statutory provision, is frequently required by a court as an aid to judicial review, 2 Davis, *Administrative Law Treatise*, § 447 at 256 (1962), and cases cited.  *See also* Code (1957, 1971 Repl. Vol.) Art. 41, § 254 which imposes this requirement on those agencies of the State which are subject to our Administrative Procedure Act.

*Ocean Hideaway*, 68 Md.App. at 656–67, 515 A.2d 485.

The content of the Order in the case *sub judice* requires us to remand the case to the circuit court for further

remand to the Commissioner so that he may comply with the statute. *Ocean Hideaway Condominium Ass'n v. Boardwalk Plaza Venture,* 68 Md.App. 650, 515 A.2d 485 (1986); *Tron v. Prince George's County,* 69 Md.App. 256, 517 A.2d 113 (1986). On this point, the Court of Appeals, in *Redden v. Montgomery County,* 270 Md. 668, 313 A.2d 481 (1974), has even gone so far as to draw up an acceptable device for a Board's findings of fact:

> We suggest that an acceptable format for the Board's findings and conclusions upon the remand would be to set out its finding that the particular requirement had, or had not, in its opinion, been established by the applicants and then add "because the Board finds the following facts to be true."
>
> (Insert the facts here)
>
> "and does not accept as true the following testimony:"
>
> (Insert the rejected testimony here).
>
> In this way, a court on appeal will be able to ascertain whether there was sufficient evidence to support the Board's findings and conclusions.

*Id.* at 685–86, 313 A.2d 481.

Because of our holding it is not necessary for us to reach the specific issue of whether GEICO provided evidence that the underwriting standard was reasonably related to its business and economic purpose; however, for the guidance of the Insurance Commissioner, on remand, we will address that issue.

There appears to be no question as to what GEICO's underwriting standard is, i.e. that cancellation will result where a GEICO insured has two or more chargeable losses within a 24 month period and, as a result, GEICO is required to pay on behalf of the insured over $300.00. Whether, in accordance with MD.ANN.CODE art. 48A, § 234A(a) (1957, 1986 Repl.Vol.), that standard is "reasonably related to the insurer's economic and business purposes" is another question. In pertinent part, § 234A(a) provides:

... No insurer, agent or broker may cancel or refuse to underwrite or renew a particular insurance risk or class of risk except by the application of standards which are reasonably related to the insurer's economic and business purposes. At any hearing to determine whether there has been a violation of this section, the burden of persuasion shall be upon the insurer to demonstrate that the cancellation, or refusal to underwrite or renew is justified under the standards so demonstrated.

In *Lumbermen's Mut. Casualty v. Ins. Comm'r*, 302 Md. 248, 487 A.2d 271 (1985) Judge Eldridge, for the Court, commented on the legislative history of these precise lines of the statute:

By Ch. 752 of the Acts of 1974, however, the Legislature amended § 234A and went far beyond a proscription of discrimination in underwriting. That statute added a requirement that no insurer may cancel or refuse to underwrite or renew an insurance risk "except by the application of standards which are reasonably related to the insurer's economic and business purposes." Ch. 752 also added the provision that, at "any hearing to determine whether there has been a violation of this section, the burden of persuasion shall be upon the insurer to demonstrate that the ... refusal to ... renew is justified under the standards so demonstrated." The preamble to Ch. 752 states that insurers' underwriting decisions must

"be made solely on the basis of a reasonable application to relevant facts of underwriting principles, standards and rules that can be demonstrated objectively to measure the probability of a direct and substantial adverse effect upon losses or expenses of the insurer *in light of the approved rating plan or plans of the insurer then in effect....*" (Emphasis added.)

As pointed out in *Gov't Employees Ins. v. Ins. Comm'r, supra,* 273 Md. [467] at 482–483, 330 A.2d 653, [1975] in referring to the new statutory language and the preamble, the General Assembly in Ch. 752 "wished to move

beyond the historic prejudices already proscribed by § 234A, [and] it did so in explicit fashion."

302 Md. at 254–55, 487 A.2d 271.

■ There is testimony in the record on this issue from GEICO employee, Ms. J.F. Ruckert, who appeared before the Commissioner and testified to the standard that we have set out above. Also GEICO's Director of Risk Research, James Hospital, appeared before the circuit court, testified to the standard and then to a general description of the market that GEICO attempts to insure. None of this testimony, however, bears on the relationship of the underwriting standard to GEICO's "economic and business purposes," as required by the statute. Conclusory statements that the standard does relate are not enough to comply. Facts must be produced which answer at least the following questions:

1. What is the statistical basis for the supposition that a person who has two or more chargeable losses within a 24 month period is more likely to have a chargeable accident within the next 12 months than a person who has had no accidents, one chargeable accident, or two or more nonchargeable accidents?

2. How valid is any such statistical evidence?

3. If there is statistical validity to the supposition, what direct and substantial adverse effect would it have upon GEICO's losses and expenses in light of its current approved rating plan?

■ The preamble to Ch. 752 to which Judge Eldridge referred *supra,* and which the Court implicitly adopted as the legislative history of the subsection of the statute involved in the case *sub judice,* leads us to conclude that the statute clearly requires that GEICO demonstrate objectively "the probability of a direct and substantial adverse effect upon losses or expenses of the insurer *in light of the approved rating plan or plans of the insurer then in effect....*" 302 Md. at 254, 487 A.2d 271 (Emphasis in original). The record before us is sorely deficient in provid-

ing facts upon which conclusions could be based for the purpose of applying the standard set out above.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH DIRECTIONS TO REMAND TO THE INSURANCE COMMISSIONER FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION;

COSTS TO BE PAID BY APPELLEES.