769 A.2d 1008

**Joseph STAVELY**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

No. 1933, Sept. Term, 2000.

Court of Special Appeals of Maryland.

April 3, 2001.

David A. Titman, Ellicott City, for appellant.

Leonard C. Redmond, III (Joseph I. Tivvis, Jr., on the brief) Baltimore, for appellee.

Argued before MURPHY, C.J., and DAVIS, MARVIN H. SMITH (Retired, specially assigned) JJ.

SMITH, Judge, Retired, specially assigned.

Appellant Joseph R. Stavely ("Stavely") sought attorney's fees in the Circuit Court for Baltimore City as a result of his having prevailed in a previous appeal before this Court against appellee State Farm Mutual Automobile Insurance Company ("State Farm"). We there directed that the matter be re-

manded to the Office of Administrative Hearings. Administrative Law Judge Brian Zlotnick ("ALJ") replaced retired ALJ James G. Klair, author of the previous administrative decision. ALJ Zlotnick denied Stavely's request for attorney fees. That decision was affirmed by the Circuit Court for Baltimore City. Stavely now presents one question for our review:

DID THE CIRCUIT COURT ERR BY AFFIRMING THE DECISION OF THE ADMINISTRATIVE LAW JUDGE DENYING JOSEPH STAVELY'S REQUEST FOR ATTORNEY FEES WHICH ARE ALLOWED BY STATUTE[?]

We shall answer "no" to this question for the reasons that follow. Therefore, we shall affirm the judgment of the circuit court.

## Background

State Farm notified Stavely on July 6, 1995, of its proposed non-renewal of his motor vehicle liability insurance policy. Stavely thereafter filed a protest with the Maryland Insurance Administration ("MIA") regarding that proposed non-renewal. The MIA, after investigation, affirmed State Farm's proposed action. Stavely requested a hearing.

The hearing was held on November 20, 1995, before ALJ James G. Klair. He found that State Farm's statistical basis for its underlying standards and the validity of those statistics were insufficient under *Crumlish v. Insurance Comm'r*, 70 Md.App. 182, 520 A.2d 738 (1987). *Crumlish* requires the answers to the following questions:

1. What is the statistical basis for the supposition that a person who has two or more chargeable losses within a 24 month period is more likely to have a chargeable accident within the next 12 months than a person who has no accidents, one chargeable accident, or two or more non-chargeable accidents?

2. How valid is any such statistical evidence?

3. If there is statistical validity to the supposition, what direct and substantial adverse effect would it have upon [ ] losses and expenses in light of its current approved rating plan?

70 Md.App. at 190, 520 A.2d at 742–43. ALJ Klair concluded that State Farm's statistical basis did not meet the first two prongs of this criteria. He did not rule on Stavely's request for attorney fees in the amount of $3,740, holding that ruling in abeyance pending submission of any objections by State Farm.

State Farm appealed the Klair decision to the Circuit Court for Baltimore City. ALJ Klair's decision was there found to be arbitrary and capricious. Stavely then appealed to this Court. We reversed the circuit court decision in an unreported opinion. *Stavely v. State Farm Mutual Automobile Insurance Company*, No. 1324, Sept. Term 1996, 118 Md.App. 721 (filed 12/12/97). We directed the circuit court to remand the case to the MIA for "further proceedings consistent with th[at] opinion." This had the effect of reinstating the decision of ALJ Klair in favor of Stavely. State Farm then sought a writ of certiorari from the Court of Appeals, which was granted. That Court ultimately dismissed the writ as improvidently granted.

Stavely then filed a motion for attorney's fees in the Circuit Court for Baltimore City. After State Farm's response was filed in that court, Stavely requested the circuit court to remand the case to the Insurance Commissioner for a determination as to whether attorney fees should be awarded. The case was remanded for that purpose.

Thereafter, a telephone pre-hearing conference convened before ALJ Brian Zlotnick pursuant to Md.Code (1997) § 27–605 of the Ins. art. The issues at hand were narrowed as a result of that conference and a briefing schedule was ordered. It was determined that no evidentiary hearing would be held for this matter because the controversy involved a legal question, not a question of fact. In the joint statement of the case submitted by the parties to this Court pursuant to Maryland

Rule 8–207(a)(4), they have agreed that the issues to be determined by the ALJ were:

Whether State Farm is required to pay attorney fees to Stavely's attorney, David A. Titman, as a result of its action to nonrenew Stavely's automobile insurance policy.

If attorney Titman's fees are warranted, to what extent are those fees to be awarded to him.

(a) Is State Farm only required to pay attorney fees for Titman's participation in the November 20 OAH hearing before ALJ Klair;

(b) Or, is State Farm liable for all attorney fees incurred by Titman for his preparation and participation in the Administrative hearing and for all other work performed throughout the entire appeal process of this case.

ALJ Zlotnick issued a memorandum order on December 17, 1999. He concluded, as a matter of law, that Stavely's request for counsel fees should be denied. This decision was based upon his finding that State Farm's actions were not unjustified. For that reason he held the issue of quantum of fees to be moot. Stavely filed a timely petition for judicial review and a statement in lieu of record was filed by the parties in the circuit court.[1]

The petition for judicial review was argued before Judge Joseph P. McCurdy on September 28, 2000. On that day he orally ruled that ALJ Zlotnick's Order dated December 17, 1999, should be upheld and that petitioner's request for counsel fees should be denied. This appeal followed.

### Discussion

■ Stavely asserts that he is entitled to an award of attorney's fees because such an award is provided for by statute. The relevant sections of the Maryland Code concerning the award of attorney's fees are former Code (1957, 1994

---

1. The MIA declined to participate in the appeal to the circuit court and, when its counsel was contacted concerning the present appeal, advised that it would not participate.

Repl.Vol., 1996 Cum.Supp.), § 240AA(b)(8) and § 240AA(g) of art. 48A. Section 240AA(b)(8), referring to the notice of an insurer to an insured, states in pertinent part:

> The authority of the Commissioner to award reasonable counsel fees to the insured for services rendered to the insured in connection with any such hearing if he finds the proposed action of the insurer to be unjustified.

Section 240AA(g) states in pertinent part:

> If the Commissioner finds the proposed action to be unjustified, he shall disallow the action, and may in addition, order the insurer to pay such reasonable counsel fees incurred by the insured for representation at the hearing as he may deem appropriate.[2]

Accordingly, the ALJ, in his memorandum order, stated that "no attorney's fees are to be awarded in this matter", "as I find that Licensee's actions were not unjustified."

Stavely strongly contends that there was no consideration of attorney's fees by ALJ Zlotnick. We disagree. He stated in his memorandum order:

> The key language to interpret is the word "unjustified" as cited in Md.Code Ann., Article 48A, § 240AA(b)(8) & (g).

---

**2.** These statutes were revised in 1997 and now are found at Code (1997) § 27–605 of the Ins. art. Section 27–605(b)(3)(viii), referring to notice from an insurer to insured, states:

> The authority of the Commissioner to award reasonable attorney fees to the insured for representation at a hearing if the Commissioner finds the proposed action of the insurer to be unjustified.

Section 27–605(g)(3) states:

> If the Commissioner finds the proposed action to be unjustified, the Commissioner:
> (i) shall disallow the action; and
> (ii) may order the insurer to pay reasonable attorney fees incurred by the insured for representation at the hearing as the Commissioner considers appropriate.

The revisor's note to Section 27–605 states:

> In subsection (b)(3)(viii) of this section, the references to reasonable "attorney" fees for "representation" at a hearing were substituted by Ch. 35 for the former references to reasonable "counsel" fees for "services rendered to the insured in connection with" a hearing for brevity and consistency with subsection (f)(3)(ii) of this section and with terminology used in other revised articles.

Neither party was able to produce on point case that defines "unjustified" as it pertains to the awarding of attorney fees in automobile insurance cases. Additionally, I was unable to uncover any on point cases after conducting my own legal research in this matter. Therefore, it appears to be an open-ended definition that is subject to interpretation. I find that the Licensee initiated its action in accordance with its own underwriting standards that are approved by the MIA. Once the Licensee determined that the Complainant's driving record exceeded those underwriting standards, it was justified in initiating the nonrenewal procedures against the Complainant. The record clearly indicates that the Licensee properly determined that the Complainant was at fault for two accidents within a three-year time frame and as such in violation of its underwriting standards. Consequently, I find that the Licensee was not unjustified in bringing its actions to nonrenew the Complainant's automobile policy. The Complainant argued that the Licensee's action was unjustified by virtue of Judge Klair's decision that the Licensee violated the Insurance Code by not satisfying the *Crumlish* [*v. Insurance Comm'r*, 70 Md.App. 182, 520 A.2d 738 (1987) ] test. I disagree with that supposition. I find that something more than a mere failure to prevail at a hearing is required to establish an *unjustified* action by the Licensee. There is no evidence to indicate that the Licensee conducted a flawed investigation of the Complainant's accidents or that the Complainant was denied any procedural rights by the Licensee. The Licensee had proper evidence to indicate that the Complainant's driving record exceeded its underwriting standards. It initiated nonrenewal procedures against the Complainant which culminated in a hearing before ALJ Klair. Judge Klair ruled that the Licensee did not meet the standards set by *Crumlish* and as such was in violation of the Insurance Code. I do not find that such a violation rises to the level of establishing that the Licensees' actions were "unjustified." Accordingly, the Complainant is not entitled to the award of attorney's fees from the Licensee.

The leading case relative to appellate review of an appeal of an administrative decision is *State Ins. Comm'r v. Nat'l Bureau of Casualty Underwriters*, 248 Md. 292, 305, 236 A.2d 282, 289 (1967). In that case Chief Judge Hammond said for the Court, "The statutory standard imposed on the court is not to decide whether the [administrative agency] was right in [its] factual determinations and inferences[,] but whether those determinations could reasonably have been made by a reasoning mind." *Id.* He continued: "The reviewing court must decide only whether [the administrative agency] could reasonably have decided that a preponderance of the whole evidence supported [its] conclusion of fact, not whether those conclusions were correct." *Id.* The reviewing court, however, "may apply the weight of the evidence test to the factual findings of the agency, without exercising nonjudicial functions, provided it does not itself make independent findings of fact or substitute its judgment for that of the agency." 248 Md. at 310, 236 A.2d at 292.

We reiterate that here the ALJ on behalf of the Commissioner did consider attorney's fees as evidenced from his language in his memorandum order. As stated, he held that the "violation [did not] rise [ ] to the level of establishing that [State Farm's] actions were 'unjustified' " and "[a]ccordingly [Stavely] is not entitled to the award of attorney's fees from [State Farm]." He then went on to say that "the remaining issues . . . involv[ing] the extent of attorney's fees that should be awarded . . . are moot as I find that [State Farm's] actions were not unjustified and as such no attorney fees are to be awarded in this matter."

Moreover, the ALJ in his memorandum, in addition to what we have quoted, discussed at some length how he reached his conclusion. It is our view that a reasoning mind could have reached the conclusion here that a preponderance of the whole evidence supported the Commissioner's conclusion.

We are further persuaded that ALJ Zlotnick's decision to deny attorney's fees was discretionary. Therefore, we must not substitute our own judgment for that of the MIA. As

stated previously, section 27–605(g) of the Ins. art.,[3] states, in pertinent part, that:

(3) if the Commissioner finds the proposed action to be unjustified, the Commissioner:

(i) shall disallow the action; and

(ii) may order the insurer to pay reasonable attorney fees incurred by the insured for representation at the hearing as the Commissioner considers appropriate.

"Where the words of a statute leave room for interpretation as to its meaning, we will ordinarily give some weight to the construction given the statute by the agency responsible for administering it." *Magan v. Medical Mut. Liab. Ins. Soc'y,* 331 Md. 535, 546, 629 A.2d 626, 631–32 (1993)(citing *Muhl v. Magan,* 313 Md. 462, 482, 545 A.2d 1321, 1331 (1988)(interpretation of statutes is ultimately a judicial function); *Comm'n on Human Rel. v. Mass Transit,* 294 Md. 225, 233, 449 A.2d 385, 389 (1982)). "The degree of weight to be given an administrative interpretation varies according to a number of factors, including whether the interpretation has resulted in a contested adversary proceeding or rule-making process, whether the interpretation has been publicly established, and the consistency and length of the administrative interpretation or practice." *Id.* at 546, 629 A.2d at 632 (citing *Comptroller v. John C. Louis Co.,* 285 Md. 527, 544–45, 404 A.2d 1045, 1055–56 (1979)).

The word "may" in statutory authority "bears its ordinary significance of permission unless the context of the purpose of the statute shows that it is meant to be imperative: 'only when the context or subject-matter compels such construction.'" *Fleishman v. Kremer,* 179 Md. 536, 541, 20 A.2d 169, 171 (1941)(quoting *Farmers' & Merchants' Bank v. Federal Reserve Bank,* 262 U.S. 649, 662, 43 S.Ct. 651, 652, 67 L.Ed. 1157 (1923)).

---

**3.** This section was formerly Code, § 240AA of art. 48A, which, on October 1, 1997, was recodified without substantive change. *See supra,* note 2. All references herein will indicate the revised codification.

In this case Stavely's attorney conceded at oral argument that attorney's fees were not mandatory. Further, he acknowledged that the statute does, in fact, state "may." The following transpired:

[Chief Judge Murphy:] Why was the judge required, in this case, to order counsel fees?

[Appellant's counsel:] ... The administrative law judge never reached that issue. The administrative law judge never pondered this is a discretionary matter, weighing both sides of it, well, I decide, I in my discretion decide not to grant attorney's fees ... that was not part of any part of the decision of Judge Zlotnick.

[Chief Judge Murphy:] Well, I mean the general rule is each party pays his, her, its own costs. There are exceptions, of course, if the legislature says counsel fees are to be paid, then counsel fees get paid. In the interim, domestic relations cases and so forth, where the court has discretion, we review that for exercise of discretion. So here we've got no clearly erroneous factual findings, you say that the court has discretion, it doesn't have to do it, so why would we reverse the circuit court?

[Appellant's counsel:] Well, I think the circuit court has to at least consider—I don't think it's automatic simply because the statute says may. I don't think that automatically allows the judge below to render a decision ...

[Chief Judge Murphy:] I agree with you ...

[Appellant's counsel:] without considering, without weighing whether to ...

[Chief Judge Murphy:] If the judge says I know what the statute says but I never award fees in these kinds of cases, I don't believe in it, then we would have no difficulty, I think, saying to the judge you've got to consider it. But how do we know the judge didn't consider it and simply deny the request?

[Appellant's counsel:] There is nothing in the record to indicate that the judge did that. I was at that hearing. The judge did not say that. Judge Zlotnick did not utter those words or words to those effect in his decision. There-

fore, I don't know that you can properly argue that the court used its discretion when it was never even considered by the ALJ or the circuit court judge. Furthermore ... [Chief Judge Murphy:] I mean, don't we presume where an argument is presented to the judge that the judge considers the argument? There was a request for counsel fees, right?

We note that in *State v. Babb,* 258 Md. 547, 550, 267 A.2d 190, 192 (1970), the Court said, "The assumed proposition that judges are men of discernment, learned and experienced in the law ... lies at the very core of our judicial system."

 "Our primary focus in construing [a] statute is to ascertain and effectuate the legislative intention." *Celanese Corp. v. Comptroller of Treasury,* 60 Md.App. 392, 397–98, 483 A.2d 359, 362 (1984)(citing *In re Arnold M.,* 298 Md. 515, 520, 471 A.2d 313, 315 (1984)). Where the language used in a statute is clear and free from doubt or obscurity, there is no occasion to go further, nor is there reason to evade the plain meaning of the statute by a forced or unreasonable construction. *Id.* Moreover, "when an administrative agency is vested with discretion, and exercises [such discretion] within the scope of its authority, the courts will not intervene and substitute their judgment for that of a legislative or administrative body." [4] *Baltimore Import Car Service and Storage, Inc. v. Maryland Port Authority,* 258 Md. 335, 342, 265 A.2d 866, 869 (1970)(citing *Stacy v. Montgomery County,* 239 Md. 189, 194, 210 A.2d 540, 543 (1965)); *Kaufman v. Taxicab Bureau,* 236 Md. 476, 484, 204 A.2d 521, 525 (1964), *cert. denied,* 382 U.S. 849, 86 S.Ct. 95, 15 L.Ed.2d 88 (1965); *Serio*

---

**4.** "It is equally well settled that when the statute creating an agency makes no provision for judicial review of the agency's determination, courts will act where a decision is not supported by facts, or where an action is not within the scope of delegated authority, or is arbitrary, capricious or unreasonable." *Baltimore Import Car Service and Storage, Inc. v. Maryland Port Authority,* 258 Md. 335, 342, 265 A.2d 866, 869 (1970)(citing *Board of Education of Carroll County v. Allender,* 206 Md. 466, 475, 112 A.2d 455, 459–60 (1955)); *Heaps v. Cobb,* 185 Md. 372, 380, 45 A.2d 73, 76 (1945); *Hecht v. Crook,* 184 Md. 271, 280–81, 40 A.2d 673, 677 (1945).

*v. Mayor & C.C. of Baltimore,* 208 Md. 545, 551, 119 A.2d 387, 390 (1956); *Masson v. Reindollar,* 193 Md. 683, 688–89, 69 A.2d 482, 485 (1949); *Gianforte v. Bd. of License Comm'rs,* 190 Md. 492, 498–99, 58 A.2d 902, 905–06 (1948).

Here the Commissioner had discretion to determine whether attorney's fees were warranted. It was determined that they were not. In light of Stavely's concession in regard to the interpretation of the statutory language and the appellate function in reviewing an administrative decision, it is clear that the court properly utilized its discretion in determining whether to award attorney's fees.[5] We, therefore, find no error by the Commissioner in using his discretion to decline the award of attorney's fees.[6]

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

5. Although the Commissioner is permitted to award attorneys fees, it is not required to do so. *See Fleishman v. Kremer,* 179 Md. 536, 541, 20 A.2d 169, 171 (1941).

6. Although courts have the power to correct abuses of discretion and arbitrary, illegal or unreasonable acts, care must be taken not to interfere with the exercise of sound administrative discretion where discretion is clearly conferred. *See Heaps v. Cobb,* 185 Md. 372, 379, 45 A.2d 73, 76 (1945).