829 A.2d 265

**Joseph R. STAVELY**

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.**

**No. 49, Sept. Term, 2001.**

Court of Appeals of Maryland.

July 28, 2003.

David A. Titman, Ellicott City, for petitioner.

Leonard C. Redmond, III (Joseph I. Tivvis, Jr., on brief), Baltimore, for respondent.

Argued before BELL, C.J. and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

ELDRIDGE, J.

We granted a petition for a writ of certiorari in this case to review the administrative denial of a request for attorney fees under Maryland Code (1997, 2002 Repl.Vol., 2002 Supp.), § 27–605(h) of the Insurance Article.

## I.

The appellate proceedings in this case, both in the Court of Special Appeals and in this Court, were based upon the parties' agreed statement of facts filed in accordance with Maryland Rule 8–501(g).[1] The agreed statement of facts, in relevant part, is as follows.

"1.  On July 6, 1995, Appellee State Farm Mutual Automobile Insurance Company ("State Farm") notified Appellant Joseph Stavely ("Stavely") of its proposed nonrenewal of his motor vehicle liability insurance policy.  Stavely filed a protest with the Maryland Insurance Administration ("MIA") regarding State Farm's proposed nonrenewal of his motor vehicle liability insurance policy.  The Maryland Insurance Administration, after investigation, affirmed State Farm's proposed action, and Stavely requested a hearing.

"2.  A hearing was held on November 20, 1995, before Administrative Law Judge ("ALJ") James G. Klair.

"3.  On December 22, 1995, ALJ Klair issued a decision in favor of Stavely finding that State Farm's statistical basis for its underlying standards and the validity of those statistics was insufficient to meet the first two prongs of the criteria set forth in *Crumlish v. Insurance Commissioner et al.*, 70 Md. App. 182, 520 A.2d 738 (1987).

\*　　\*　　\*

"4.  ALJ Klair did not rule on Stavely's request for attorney fees in the amount of $3,740 as he held that ruling in abeyance pending submission of any objections by State Farm.

\*　　\*　　\*

---

1.  Rule 8–501(g) states as follows:

"**Agreed Statement of facts or stipulation.**  The parties may agree on a statement of undisputed facts that may be included in a record extract or, if the parties agree, as all or part of the statement of facts in the appellant's brief.  As to disputed facts, the parties may include in the record extract, in place of any testimony or exhibit, a stipulation that summarizes the testimony or exhibit.  The stipulation may state all or part of the testimony in narrative form.  Any statement of facts or stipulation shall contain references to the page of the record and transcript.  The parties are strongly encouraged to agree to such a statement of facts or stipulation."

"6. State Farm [sought judicial review of] the December 22, 1995, OAH decision [in] the Baltimore City Circuit Court. On June 5, 1996, Chief Judge Robert I.H. Hammerman reversed the OAH [Office of Administrative Hearings] decision, believing it arbitrary and capricious.

\* \* \*

"7. Stavely appealed the Circuit Court's ruling to the Court of Special Appeals. On December 12, 1997, the Court of Special Appeals reversed the Circuit Court, reinstating the decision of ALJ Klair in favor of Complainant, and remanded the case to the MIA.

\* \* \*

"8. State Farm subsequently filed for and was granted certiorari by the Court of Appeals. On October 20, 1998, the Court of Appeals dismissed State Farm's writ of certiorari, stating that the writ had been improvidently granted.

"9. After the Mandate, Stavely filed a motion for attorney fees in the Baltimore City Circuit Court. After receiving State Farm's response, Stavely requested that the Circuit Court remand the case to the Insurance Commissioner for a determination regarding whether attorney fees should be awarded.

"10. This case was remanded by the Insurance Commissioner to the Office of Administrative Hearings on June 28, 1999, to determine if Stavely, as the prevailing party, was entitled to the award of attorney's fees.

\* \* \*

"11. A telephone pre-hearing conference was convened on August 17, 1999, before ALJ Brian Zlotnick, pursuant to Md.Code Ann., Ins. [§ ] 27–605 (1997). The issues were narrowed, and a briefing schedule was ordered as a result of the August 17th pre-hearing conference.

\* \* \*

"13. The issues to be determined by the ALJ were:

Whether State Farm is required to pay attorney fees to Stavely's attorney, David A. Titman, as a result of its action to nonrenew Stavely's automobile insurance policy.

If attorney Titman's fees are warranted, to what extent are those fees to be awarded to him.

(a) Is State Farm only required to pay attorney fees for Titman's participation in the November 20 OAH hearing before ALJ Klair;

(b) Or, is State Farm liable for all attorney fees incurred by Titman for his preparation and participation in the Administrative hearing and for all other work performed throughout the entire appeal process of this case.

"14. On December 17, 1999, ALJ Zlotnick issued a Memorandum Order concluding, as a matter of law, [that] Stavely's request for counsel fees be denied which decision was based upon the ALJ's finding that State Farm's actions were not unjustified; accordingly the issue of quantum of fees was never reached.

\* \* \*

"15. On January 14, 2000, a timely Petition for Judicial Review was filed[, in the Circuit Court for Baltimore City,] by Stavely, ... and a Statement in Lieu of Record was filed by the parties.

\* \* \*

"16. The Maryland Insurance Administration declined to participate in the [proceedings in] the circuit court, and, when its counsel was contacted concerning the present appeal, advised that it would not participate.

\* \* \*

"17. On September 28, 2000, the petition for judicial review was orally argued before Judge Joseph P. McCurdy. On that day Judge McCurdy ... ruled that ALJ Zlotnick's Order dated December 17, 1999, be upheld and that petitioner's request for counsel fees be denied.

\* \* \*

"18. A timely appeal to the Court of Special Appeals was noted . . . ."

The Court of Special Appeals affirmed the judgment of the Circuit Court, *Stavely v. State Farm*, 138 Md.App. 1, 769 A.2d 1008 (2001). Stavely filed in this Court a petition for a writ of certiorari which we granted. *Stavely v. State Farm*, 365 Md. 65, 775 A.2d 1216 (2001).

## II.

Section 27–605 of the Insurance Article of the Maryland Code regulates certain actions by insurers with respect to motor vehicle liability insurance policies. Specifically, § 27–605 regulates cancellations, nonrenewals, premium increases, and reductions in coverage. *See* § 27–605(b). Section 27–605(c) provides that, at least 45 days before one of these proposed actions is to be effective, the insurer must send written notice to the insured that the insurer intends to take the particular proposed action, that the notice must be in a certain form and must contain certain information, that the insured has a right to protest the proposed action and request a hearing before the Insurance Commissioner or the Commissioner's designee, and that, if the insured files a protest, the policy will stay in effect until the Commissioner's determination. Subsection (c) also requires that the notice inform the insured of "the authority of the Commissioner to award reasonable attorney fees to the insured for representation at [the] hearing" if the Commissioner decides the case in the insured's favor. Section 27–605(g) provides for the administrative hearing, and states that the hearing shall be conducted in accordance with the contested cases subtitle of the Maryland Administrative Procedure Act, Code (1984, 1999 Repl.Vol., 2002 Supp.), §§ 10–201 through 10–226 of the State Government Article.

Section 27–605(h) of the Insurance Article relates to the Insurance Commissioner's decision following a hearing. Subsection (h) provides as follows:

"(h) *Order following hearing.*—(1) The Commissioner shall issue an order within 30 days after the conclusion of the hearing.

(2) If the Commissioner finds the proposed action of the insurer to be justified, the Commissioner shall:

(i) dismiss the protest; and

(ii) allow the proposed action to be taken on the later of:

1. its proposed effective date; and

2. 30 days after the date of the determination.

(3) If the Commissioner finds the proposed action to be unjustified, the Commissioner:

(i) shall disallow the action; and

(ii) may order the insurer to pay reasonable attorney fees incurred by the insured for representation at the hearing as the Commissioner considers appropriate."

Consequently, if the Commissioner finds that the proposed action of the insurer is "justified," subsection (h)(2) requires that the proposed action be allowed. If, however, the Commissioner finds that the proposed action is "unjustified," subsection (h)(3)(i) mandates that the Commissioner "shall disallow the action." Under the plain language of the statute, a finding of justification or a finding of no justification determines whether the proposed action, such as a nonrenewal, shall be allowed or disallowed. The Commissioner's authority to "disallow" the proposed action is limited to the situation where the proposed action is "unjustified," and, in that situation, the Commissioner must disallow the proposed action.

The words "justified" or "unjustified" are not contained in subsection (h)(3)(ii), authorizing the Commissioner to order the insurer to pay reasonable attorney fees incurred by the insured. Instead, whenever the Commissioner has found the proposed action to be unjustified and, therefore, has disallowed it, the Commissioner has the discretion to award attorney fees. A second finding relating to "justification" is not provided for in subsection (h)(3)(ii) concerning an award of attorney fees.

In the present case, ALJ James G. Klair determined that State Farm's proposed nonrenewal of Stavely's motor vehicle insurance policy rested upon an "insufficient" basis, that the insurer had "failed to meet its burden of proof" that the nonrenewal was valid,[2] and that State Farm was "in violation of the Maryland Insurance Code by virtue of its proposed nonrenewal of the subject insurance policy." The decision by ALJ Klair was upheld by the Court of Special Appeals, and this Court dismissed the writ of certiorari. Accordingly, the determination that State Farm's proposed 1995 nonrenewal of Stavely's motor vehicle insurance policy was unjustified, and thus disallowed, became final.

Nevertheless, when the matter later came before ALJ Brian Zlotnick for a determination regarding an award of attorney fees pursuant to § 27–605(h)(3)(ii) of the Insurance Article, Judge Zlotnick again considered whether the proposed nonrenewal was "justified" and held that State Farm "was justified in its decision to nonrenew the Complainant's automobile policy." Judge Zlotnick also construed Judge Klair's earlier action as a decision which "did not make a finding that the" proposed nonrenewal was unjustified. Judge Zlotnick went on to hold that Stavely was "not entitled to the award of attorney fees" because State Farm "was not unjustified in bringing its actions to nonrenew the Complainant's automobile policy."

ALJ Zlotnick's decision in this case was not based upon an exercise of discretion as required by § 27–605(h)(3)(ii) of the Insurance Article. Instead, the ALJ's decision was erroneous as a matter of law. It was contrary to § 27–605(h) of the Insurance Article, and both courts below erred in upholding the administrative decision.

Although ALJ Klair, in his findings of fact, conclusions of law, and decision disallowing the proposed nonrenewal, did not specifically use the word "unjustified," he did use equivalent

---

2. As the Court emphasized in *Lumbermen's Mutual Casualty Co. v. Insurance Commissioner,* 302 Md. 248, 265, 487 A.2d 271, 280 (1985), "the statutory provisions ... place the burden of proving justification [for nonrenewal] upon the insurer."

language. Judge Klair found that the basis for the insurer's proposed nonrenewal lacked "validity," that the insurer failed to show that the nonrenewal resulted from "standards [that] are reasonably related to its economic and business purposes," and that State Farm "is in violation of the Maryland Insurance Code by virtue of its proposed nonrenewal of the subject insurance policy." Moreover, ALJ Klair disallowed the proposed nonrenewal, and a finding that the proposed action is "unjustified" is a statutory prerequisite for such disallowance. ALJ Klair, therefore, clearly found that the proposed nonrenewal of Stavely's insurance policy was "unjustified."

As previously discussed, § 27–605(h)(3)(ii), permitting an award of attorney fees, does not authorize the Commissioner or an ALJ to make a redetermination of "justification" or a second finding concerning justification. Under the statutory framework, the decision that the insurer's proposed action was "unjustified" was made when the proposed action was disallowed. While the award of attorney fees is discretionary, the decision against awarding such fees cannot be based on a finding, contrary to the earlier finding, that the proposed action was "justified."

Furthermore, under the facts of the present case, where ALJ Klair had decided that the proposed nonrenewal was unjustified and the Court of Special Appeals had upheld that decision, ALJ Zlotnick was bound by the earlier determination under principles of res judicata and/or the law of the case. *White v. Prince George's County*, 282 Md. 641, 658, 387 A.2d 260, 270 (1978) ("principles of public policy underlying the rule of res judicata [are] applicable to . . . administrative agencies performing quasi judicial functions" such as the Maryland Tax Court, citing *Woodlawn Area Citizens Ass'n v. Board of Cty. Comr's for Prince George's Cty.*, 241 Md. 187, 194–196, 216 A.2d 149, 154–155 (1966)). *See Sugarloaf Citizens Assn. v. Northeast Maryland Waste Disposal*, 323 Md. 641, 658–659 n. 13, 594 A.2d 1115, 1123–1124 n. 13 (1991) ("principles of res judicata and collateral estoppel apply to administrative decisions . . . in which . . . [the] agency is acting in a judicial

capacity and resolves disputed issues ... properly before it which the parties have had an adequate opportunity to litigate") (internal quotation marks omitted). *See also Batson v. Shiflett,* 325 Md. 684, 704, 602 A.2d 1191, 1201 (1992); *Murray International v. Graham,* 315 Md. 543, 547–549, 555 A.2d 502, 503–505 (1989). As to the law of the case doctrine, *see, e.g., Turner v. Housing Authority,* 364 Md. 24, 31–33, 770 A.2d 671, 676–677 (2001); *Sabatier v. State Farm,* 327 Md. 296, 302–303, 609 A.2d 307, 310–311 (1992); *Rite Aid Corp. v. Lake Shore Investors,* 298 Md. 611, 629, 471 A.2d 735, 744 (1984); *Chayt v. Board of Zoning Appeals,* 178 Md. 400, 403, 13 A.2d 614, 615 (1940).

■ This case must be remanded to the Insurance Commissioner for the Commissioner (or his designee or an ALJ if the Commissioner so designates) to exercise the discretion required under § 27–605(h)(3)(ii) of the Insurance Article. In this connection, we point out that § 27–605(h) seems to contemplate that an insured who prevails should normally be awarded reasonable attorney fees, and that an award of attorney fees should be denied to a prevailing insured only when a particular case presents significant reasons warranting a denial. This is shown by § 27–605(c)(3)(viii), which requires that the notice of the insurer's proposed action, to be sent to the insured at least 45 days before the effective date of the action, specifically inform the insured of "the authority of the Commissioner to award reasonable attorney fees to the insured for representation at a hearing if the" insured prevails. This statutory notice requirement concerning attorney fees would make little sense if most prevailing insureds were denied awards of attorney fees. For a recent opinion of this Court setting forth standards for the awards of attorney fees under fee shifting statutes, *see Friolo v. Frankel,* 373 Md. 501, 819 A.2d 354 (2003).

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR*

*BALTIMORE CITY AND TO REMAND THE CASE TO THE CIRCUIT COURT WITH FURTHER DIRECTIONS TO REVERSE THE ADMINISTRATIVE DECISION AND TO REMAND THE CASE TO THE INSURANCE COMMISSIONER FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.*